Eusebio **PALACIOS** and the **S. I. U. De Puerto Rico,** affiliated to the Seafarers International Union of North America, Atlantic Gulf, Lakes and Inland Water District, **AFL–CIO,** Petitioners,

v.

**TEXACO PUERTO RICO INC.,**
Respondent.

**Civ. No. 408–69.**

United States District Court
D. Puerto Rico.
Nov. 10, 1969.

Ginoris Vizcarra De Lopez Lay, San Juan, P. R., for petitioners.

R. Rodriguez Lebron, San Juan, P. R., for respondent.

ORDER

CANCIO, Chief Judge.

Eusebio Palacios and his Union, S.I.U. de Puerto Rico, brought this action against employer Texaco Puerto Rico Inc. invoking the jurisdiction of this Court under Section 301(a) of the Labor Management Relations Act, as amended (29 U.S.C. Sec. 185(a)). Plaintiffs brought this action to set aside and vacate an arbitration award entered as a result of a labor dispute concerning the disciplinary layoff of Palacios and for damages allegedly caused by the action of his employer.

Plaintiffs incorporated to their complaint as exhibits, a copy of the labor contract and a copy of the arbitration award, as well as a transcript of all the proceedings before the arbitrator.

The matter is before this Court on motion of defendant to dismiss the complaint pursuant to Rule 12(b) (6), as a speaking demurrer and as motion for summary judgment under Rule 56.

A brief narration of the relevant facts is in order. Texaco laid off Palacios, a tank truck driver with 22 years service with the company, effective May 13, 1968, pending the final outcome of the investigation on the following alleged irregularities: (1) refusal to reimburse the company the sum of $9.00 which were missing in the collection of May 9, 1968; (2) his intervention and conduct with reference to a traffic accident on the night of May 10, 1968; and (3) his conduct in the performance of his work in the night of May 10, 1968 while delivering products in a gasoline station operated by dealer Reinaldo Irizarry.

Palacios' layoff was processed through the Grievance and Arbitration proceedings established in the collective bargaining agreement. The case was submitted to arbitration and, on March 20, 1969, in case A5–1, Arbitrator Rafael A. Berríos López, of the Bureau of Conciliation and Arbitration of the Department of Labor of Puerto Rico, rendered his award affirming the disciplinary action taken by the company against Palacios.

We have before us all material and relevant facts involved in the controversy. Plaintiffs have not called our attention as to the existence of a genuine controversy regarding any material fact which would have to be tried.

Several grounds are stated by plaintiffs in support of their request for relief. They claim that the award is subject to judicial review because it is not final and binding, in the light of the terms of the arbitration clause of the labor contract involved herein; that the arbitrator incurred in serious and prejudicial error because the award is not supported by the evidence in record; that he violated the due process of law in requesting from Palacios to offer evidence or proof of weight to prove his innocence; that the arbitrator extended his award beyond the issues submitted for his consideration; and that he erred in not concluding that Palacios' layoff was improper, since the employer did not conduct previously a serious and exhaustive investigation of the alleged irregularities.

■■ At the outset, it should be pointed out that this Court cannot review the merits of the arbitrator's decision. Under well established principles of arbitration, both in Federal and the Commonwealth jurisdiction, (1) it is not within the providence of a trial court to review the merits of arbitration awards; (2) the interpretation of collective bargaining agreements is a question for the arbitrator, having been the arbitrator's construction what the parties bargained for; (3) so far as the arbitrator's decision concerns construction of the contract, courts cannot overrule him because their interpretation of the contract may be different from his; (4) the award is legitimate if it draws its essence from the agreement and only when the arbitrator's words manifest an infidelity to this obligation, may the courts refuse enforcement of the award. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

The law of the Commonwealth of Puerto Rico in this matter was established by the late Judge Snyder way back in 1949 in the case of Labor Relations Board v. N. Y. and P. R. Steamship Co., 69 P.R.R. 730. In that case, at page 747, the Supreme Court of Puerto Rico made it clear that when it was stated in the case of Ríos v. P. R. Cement Corp., 66 P.R.R. 446, that ordinarily an arbitration award may be impeached or set aside if there is any defect or insufficiency in the submission of the award rendering it invalid, or when there has been a substantial and prejudicial departure from the rules governing proceedings by and before arbitrators, there was no intention of deciding that an award may be impeached because of errors of substantive law, and that when the referee has jurisdiction only an error involving fraud, misconduct or lack of due process could be invoked before the courts against the award; adding to these grounds the violation of public policy and lack of entirety.

In the presence of those well known restrictions on the extent of judicial review of an arbitrator's decision, we deem it proper now to analyze the various objections raised by plaintiffs as to the validity of the award herein.

■■ First of all, it is claimed by plaintiffs that the award is not final and binding as per the terms of the collective bargaining agreement and that therefore it can be reviewed judicially on the merits. Said contention is answered by referring to Section 2 of Article VIII of the labor contract, page 7, wherein it is stated that "the decision of the Arbitration Committee shall be final, binding and unappealable by the employee, the Union and the Company." We do not agree with the restrictive and limited interpretation given by plaintiffs to this portion of the arbitration clause of the labor contract. But aside from that, even in the absence of such a finality clause, it is the law of the shop as established in the *Steelworkers Triology* cases that "unless they are restricted by the submission agreement, the arbitrators are the final

judges of law and fact and that their awards shall not be disturbed for a mistake of either." United Steelworkers of America v. American Manufacturing Corp., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed. 2d 1403 (1960); United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed. 2d 1409 (1960); and United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

Secondly, plaintiffs claim that the arbitrator incurred in serious and prejudicial error in deciding that the disciplinary measures imposed by the employer to Palacios were appropriate and that the award is not supported by the evidence in the record and thus, it is contrary to the intention of the parties to submit the case to the arbitration process. The truth is that plaintiffs' complaint in this respect constitutes bare legal conclusions. They charge that the arbitrator acted arbitrarily and capriciously, but the record before the Court is wholly barren of facts, either alleged or shown, supporting such conclusion. The record shows that the arbitrator made a complete analysis of the evidence and weighed same. And concerning the weighing and evaluation of the evidence by an arbitrator, it was decided again in Steelworkers v. Enterprise Corp., *supra*, that "the refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The Federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the award."

Paraphrasing American Brake Shoe Co., etc. v. Local No. 149 U.A.W., 285 F.2d 869, 873 (4th Cir. 1961), we could say that to substitute court ruling for the contracted for finality of an 'arbitrator's findings would seriously impair, if not effectively emasculate, the provisions for arbitration and the submission thereto as instruments for industrial peace. The function of arbitration is to serve as a substitute for, and not a prelude to, litigation.

Plaintiffs have not come forward with any determined showing of fraud, dishonesty or violation of due process on the part of arbitrator Berríos. The arbitrator, who is not a lawyer nor a judge, and who is lay in the niceties of the legal profession, was confronted with conflicting evidence. Witnesses for employer testified in support of the disciplinary measures taken by the employer, while witnesses for Palacios tried to offer support to his denial of responsibility. The arbitrator had an opportunity to view the witnesses as they testified and to evaluate their testimonies. The award shows that a reasonable effort was made by him in analyzing and weighing such conflicting evidence. That is precisely what the parties bargained for and that, this trial court is not entitled to disturb.

The next claim made by plaintiffs is that the arbitrator established by *fiat* stringent requirements of proof similar to those in criminal proceedings and that the basic constitutional right of the presumption of innocence of Palacios was specifically disregarded.

It is apparent from the face of the award that, if anyone, it was the employer who was subjected to the stringent requirements of proof as required by the arbitrator in his analysis of the evidence, and it was from the employer and not from plaintiff that the arbitrator demanded such compliance, the arbitrator having concluded, with apparent justification, that the employer's evidence met such test to his satisfaction.

Plaintiffs further claim that the arbitrator exceeded his authority under the terms of the submission by extending the award beyond the issues submitted to his consideration. But plaintiffs fail in making any showing in support of this charge. The truth is that in the course of the award the arbitrator stated in very clear terms and more than once that the only matter submitted for his determina-

tion was the validity of the temporary and disciplinary layoff of Palacios pending further investigation, and nothing else. This conforms with the wording of the submission; and that the arbitrator limited his award in that respect is apparent from the record.

The only one of the various charges made by plaintiffs against the validity of the award that merits some consideration refers to the statement contained in paragraph 2, page 10 of the award and which reads as follows:

"On the other hand, Mr. Palacios was not able to offer evidence or proof of weight to prove his innocence aside from affirming once and once again that the money was complete and that nobody could oblige him to return it unless it was a court."

On the basis of the above, plaintiffs allege that the mere fact that the arbitrator in his award requested or expected from Palacios that he prove his innocence constitutes a violation of the due process of law and makes the award null and void.

 But such statement of the arbitrator cannot be evaluated separately and out of context. It is part and parcel of prior and subsequent statements of the arbitrator's detailed analysis of the evidence produced by the employer in support of the first irregularity charged against Palacios, as compared with Palacios' failure to come forward with veritable evidence directed to defeat or minimize the impact of the evidence produced by the employer. It is apparent that, in making these remarks, the arbitrator was underscoring Palacios' particular attitude in the presence of the evidence produced against him. We must keep in mind that the award—every word and phrase in it—is the action of a layman and not that of a technician of the law. Restating what we said way back in 1953 in "El Arbitraje Obrero-Patronal en Puerto Rico," page 53, in order to sustain the nullity of an arbitration award on the basis of lack of due process, it would be necessary to show that the procedural errors were fundamental and that the ag-

grieved party was actually deprived of his basic rights thereby; and that, considering the liberal and informal character of the arbitration proceedings, less stringent and less rigorous criteria than that applicable in judicial and administrative proceedings would have to be applied in this respect. This, of course, does not mean that the Court believes that in a case like this the employee must "prove his innocence" to the arbitrator, beyond any reasonable doubt or otherwise. What the Court finds is that in this particular case the arbitrator did not pretend to obtain from the employee such or similar kind of proof, his isolated words suggesting this notwithstanding. A mere glance to the documents before us, including the award itself, warrants no other possible conclusion. The truth is that the record herein does not show any violation of due process by the arbitrator. It rather shows that Palacios was given ample opportunity to present evidence in his favor and that ample evidence against him was presented by the employer and considered by the arbitrator.

Finally, plaintiffs allege that the arbitrator erred in not concluding in his award that the employer had acted improperly in laying off Palacios from his job, an employee of Texaco for around 22 years, without conducting first a serious and exhaustive investigation of the alleged irregularities. Aside from the fact that the arbitrator concluded that the employer had just cause for the disciplinary action taken against Palacios, this charge implies a full revision of the merits of the award and, in the final analysis, the substitution of this Court's judicial judgment for that of the arbitrator, which is untenable under the authorities cited herein. Furthermore, plaintiffs' argument is equivalent to saying that an employer may not take action prior to the full investigation of an incident. In essence, what the arbitrator decided was that a suspension which is not final but only a preliminary disciplinary action, such as the one taken by the employer herein, can legitimately be imposed upon

an employee by an employer prior to the final investigatory proceedings, depending on the nature of the irregularities involved and for just cause.

For the foregoing reasons the complaint herein is dismissed, with costs but without attorney's fees.

It is so ordered.