UNION de TRABAJADORES PETRO-QUIMICOS, Plaintiffs,

v.

UNION CARBIDE CARIBE, INC., Defendant.

Civ. No. 76–1272.

United States District Court, D. Puerto Rico.

May 23, 1977.

Julio Alvarado Ginorio, Ponce, P. R., for plaintiffs.

Edwin J. Guillot, Jr., San Juan, P. R., for defendant.

## OPINION AND ORDER

PESQUERA, District Judge.

This is an action filed upon removal from a State Court under 28 U.S.C. § 1441(b) based on this Court's original jurisdiction arising under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The plaintiff seeks to have the Court set aside an arbitration award issued on July 23, 1976, pursuant to the provisions of the collective bargaining agreement and submission agreement between the parties. On February 23, 1977, with the object of having the matter resolved rapidly, the parties waived their right to have the matter tried before a judge of the Court and consented to its referral to a magistrate for hearing and determination subject to the provisions of Rule 53(e)(2) of the Federal Rules of Civil Procedure. Said stipulation was approved by the Court on March 4, 1977 and the matter was referred to Magistrate John M. Garcia. Magistrate Garcia having resigned, this matter is therefore being decided by the Court as is the right of the parties.

In accordance with the stipulation of the parties, no further hearing is deemed necessary and we are deciding on the basis of the case record and the brief filed by the defendant on April 15, 1977. Plaintiff Union lost its right to have its brief included in the record by reason of its failing to file it in a timely manner and the case stood submitted as of April 15, 1977.

The proper role to be followed by a court in reviewing an arbitration award was clearly outlined by the Supreme Court in *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). "The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration could be undermined if courts had the final say on the merits of awards". Ibid at 596, 80 S.Ct. at 1360. In accordance with this principle, this Court has set forth the following four guidelines which must be considered in cases such as the instant matter:

" . . . (1) it is not within the providence of a trial court to review the merits of arbitration awards; (2) the intervention of collective bargaining agreements is a question for the arbitrator, having been the arbitrator's construction what the parties bargained for; (3) so far as the arbitrator's decision concerns construction of the contract, courts cannot overrule him because their interpretation of the contract may be different from his; (4) the award is legitimate if it draws its essence from the agreement and only when the arbitrator's words manifest an infidelity to its obligation may the courts refuse enforcement of the award."

*Palacios v. Texaco Puerto Rico, Inc.*, 305 F.Supp. 1076 (1969) at 1078. See also *Enterprise, supra*; and *Junta de Relaciones del Trabajo de P. R. v. Otis Elevator Company*, decided by the Puerto Rico Supreme Court, September 20, 1976, Ref. Col. Abog. No. 71.

The record hereof demonstrates that Luis F. Caraballo, while an employee of defendant and a member of the unit covered by a collective bargaining agreement (the CBA) negotiated by the plaintiff union, failed to report for work, as scheduled, on January 6, 1976. The defendant refused to compen-

**312**

sate Mr. Caraballo with holiday pay for such day because of his failure to report to work. On the basis of these facts, and the submission agreement presented by the parties, the arbitrator determined that "the Company did not violate Article XXII of the Collective Bargaining Agreement in force by not paying the holiday of January 6, 1976, to Luis F. Caraballo".

■ Plaintiff union claims that the award was not in accordance with law as required by Article X, Section 3 of the CBA. Yet, as evidenced by the award's contents, plaintiff union *never* claimed that Mr. Caraballo had an absolute right under any *law* to holiday pay for January 6, 1976. Plaintiff union may not now claim that which it failed to claim at the arbitration hearing. Furthermore, we agree with the defendant that Mr. Caraballo had no such right under law. Finally, even if such right existed, in accordance with the above and the principle established in *Union de Tronquistas de Puerto Rico, Local 901, et al. v. Flagship Hotel Corp., et al.*, 554 F.2d 8, decided by the Court of Appeals for the First Circuit on May 6, 1977, this Court will not permit the reassertion in a judicial forum of a controversy, the resolution of which involved the interpretation of a Puerto Rico labor law or regulation, which controversy was heard and adjudicated in an appropriate arbitration proceeding.

Accordingly, we affirm the Arbitrator's Award.

■ Furthermore, we find plaintiff union to have been obstinate in filing this suit and thereby promoting needless litigation, and in accordance with the specific terms and principles of Rule 54(d) and 28 U.S.C. § 1920, and *De Thomas v. Delta S.S. Lines, Inc.*, 58 F.R.D. 335 (1973), Court costs, defendant's costs and defendant's $600.00 attorneys' fees are hereby imposed on plaintiff union.

The Clerk shall enter judgment accordingly.