CAMDEN INDUSTRIES COMPANY, Inc., Plaintiff, Appellant,

v.

CARPENTERS LOCAL UNION NO. 1688, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al., Defendants, Appellees.

No. 6565.

United States Court of Appeals First Circuit.

Heard Oct. 5, 1965.

Decided Dec. 2, 1965.

See also D.C., 246 F.Supp. 259.

Richard C. Kohls, Manchester, N. H., with whom Booth, Wadleigh, Langdell, Starr & Peters, Manchester, N. H., was on brief, for appellant.

John D. O'Reilly, III, Boston, Mass., with whom Arthur J. Flamm, Boston, Mass., Edward J. McDermott, Hampton, N. H., and Segal & Flamm, Boston, Mass., were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE, Circuit Judge, and WYZANSKI, District Judge.

ALDRICH, Chief Judge.

Plaintiff-appellant, hereinafter the employer, brought an action against defendants-appellees, hereinafter, collectively, the union, to enjoin arbitration of certain employee grievances. The union counterclaimed, seeking an order to compel the employer to arbitrate. On the union's motion for summary judgment the district court entered judgments in its favor on the claim and the counterclaim. The employer appeals.

The agreement, which covers all of the employer's employees, provides that "journeymen" shall receive a minimum wage of $2.50 per hour, and that "apprentices" shall be paid varying percentages of that wage according to their experience. It contains no specific provisions for employees, if any, who might fall in neither category. Three employees filed grievances, demanding a wage scale of $2.50 per hour on the ground, as ultimately formulated by the union, "that the contract requires that all employees in the bargaining unit be classified as either journeymen or apprentices and that such employees be compensated at the rates set forth in the agreement. * * *" The employer asserted that arbitration was precluded by the following proviso to Article XIII (Grievance Procedure) of the collective bargaining agreement:

> "No question involving changes in the terms and provisions of this agreement shall be subject to the foregoing grievance procedure or to arbitration hereunder."

In other words, the employer's position was that there were employees (which, presumably, included grievants) who were neither journeymen nor apprentices, and that the wages of such employees were not covered by the agreement, so that the union's position necessarily called for a change in the agreement.

The quoted proviso seems quite clearly designed to limit the arbitrator's jurisdiction. It would be an abdication of our responsibility to hold that merely by phrasing a grievance as a request for interpretation of the contract, the union foreclosed the court from considering whether the employer agreed to submit the issue to arbitration. Cf. Atkinson v. Sinclair Refining Co., 1962, 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462. Correspondingly, the employer cannot, by nomenclature, compel the opposite result. Nevertheless, however we might resolve the present controversy under broader arbitration clauses,[1] such as

---

1. Not only does the agreement at issue contain the quoted proviso, but it does not contain the "standard" terms subjecting to arbitration any dispute "as to the meaning, interpretation and application of the provisions of this agreement. * * *"

those involved in the so-called Supreme Court trilogy, United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. American Mfg. Co., 1960, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403, the nature of the dispute under the present agreement entails, at some point, an inquiry into the merits of the dispute to the extent of determining whether the agreement could possibly permit decision in favor of the union.

The question accordingly is, at what point should a court intervene. On the record before us, for the reasons discussed by the district court, we cannot say "with positive assurance," United Steelworkers of America v. Warrior & Gulf Navigation Co., supra, 363 U.S. at 582, 80 S.Ct. 1347, that a decision in the union's favor would necessarily constitute a change in the terms of the agreement.[2] Nor can we say it necessarily would not. In these circumstances we believe the matter should proceed to arbitration, where the arbitrator may determine the subsidiary facts upon which depend both the merits of the controversy and his jurisdiction to decide it. A finding of jurisdiction, unlike a finding on the merits when jurisdiction is not in question, cf. Reeves v. Tarvizian, Cir., 1965, 351 F.2d 889, will not be insulated from subsequent judicial review. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. supra, at 597, 80 S.Ct. 1358; Marble Products Co. v. Local 155, AFL–CIO, 5 Cir., 1964, 335 F.2d 468; Carey v. General Electric Co.. 2 Cir., 1963, 315 F.2d 499, cert. den. 377 U.S. 908, 84 S.Ct. 1162, 12 L.Ed.2d 179. We believe full recognition of the role of labor arbitration requires court intervention in a case such

as this only when it has become absolutely necessary, viz., on a petition to vacate or enforce the award. Cf. Carey v. General Electric Co., supra.

Affirmed.

---

2. For example, the union contended in oral argument that in this particular shop all employees were known as "journeymen" regardless of what may be the generally accepted meaning of that word.