**FEDERAL LABOR UNION NO. 18887 Affiliated with the A.F.L.–C.I.O., Appellant,**

v.

**MIDVALE–HEPPENSTALL COMPANY.**

No. 17940.

United States Court of Appeals Third Circuit.

Argued Dec. 2, 1969.

Decided Jan. 26, 1970.

---

Edward Davis, Philadelphia, Pa., for appellant.

John G. Wayman, Reed, Smith, Shaw & McClay, Pittsburgh, Pa. (James Q. Harty, Arthur R. Littleton, Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief), for appellee.

Before GANEY, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal by a union from the refusal of the district court to vacate an arbitration award dismissing a grievance[1] by the Union for lack of jurisdiction and to remand the dispute to an arbitrator with instructions to hear and determine the grievance on its merits.

The Union instituted the grievance based on the Company's failure to increase the pay rate for employees on a job classified as Treatment Heaters (Job No. 323) to that received by those performing work on a higher pay rated job classified as Forged Heaters (Job No. 53). The Union relied upon Section 3, Article VI of the bargaining agreement in filing the grievance. This section was entitled "Rate Establishment and Adjustment," and provided as follows:

> The Company and the Union recognize the principle of equal pay for employees doing the same or substantially the same operating conditions, provided the factors of general skill, ability, and experience of the employees are equal, and the Company agrees to make such adjustments in the present rate or rates for job classifications to achieve the foregoing objective as may be agreed upon by the parties.

The Company contended that the jobs were not comparable and the Union pursued their grievance at all steps and after repeated denials by the Company, the Union took the initiative and proceeded to arbitration.

At the arbitration hearing the Company contended that the grievance was not arbitrable by reason of Section 3 of Article VI, *supra*, and Section 11 of Article XVI,[2] but if it were wrong on this score, the jobs in question were not comparable.

The arbitrator found that the pay rates for the jobs in question were agreed upon by the parties in the last contract negotiation; that the grievance clearly embodied a request for "changes in the negotiated wage scales for established jobs"; and that no changes in the jobs were relied upon by the Union but

---

1. In a letter to the Company, the appellant, under date of January 11, 1967, wrote as follows, which letter both parties stipulated constituted the grievance:

 "The Treatment Heaters in comparison to Forge Heaters require a rate adjustment. Your attention is directed to Article VI, Section 3.

 "Federal Labor Union #18887 requests that the rate of the Treatment Heaters be adjusted so that they are comparable with the rate of the Forge Heaters.

 "If you do not agree with this interpretation of Section 3, Article VI, of the Hourly Workers Agreement, this letter will constitute a grievance in the third step."

2. This section provided: "The Impartial Arbitrator shall not have jurisdiction over changes in the negotiated wage scales for established jobs." Additionally, Section 9, Article XVI, provided as follows: "Furthermore, the Impartial Arbitrator shall have the jurisdiction and authority only to interpret, apply or determine compliance with the provisions of this Agreement and shall not have jurisdiction or authority to add to, or detract from, or alter in any way such provisions."

that it simply sought to apply the "equal pay" provisions of Section 3, Article VI, to equalize the rates for asserted comparable jobs. Based on his application of the facts to his interpretation of the agreement with regard to Section 3, and also Section 11 of Article XVI, he dismissed the grievance "for lack of jurisdiction in the arbitrator", declining to reach the merits of the claim of parity by the Union.

It must be noted that while the arbitrator, in his opinion, used the word "jurisdiction", it is clear from its context that he reached his conclusion by interpreting the collective bargaining agreement. Thus it is clearly apparent that the arbitrator, in his opinion, decided what the parties in their contract agreed to submit to him, that is whether, in interpreting the contract, certain employees' wage rates should be increased after a showing that they were comparable to those that were paid higher wages and in his interpretation of Section 3, Article VI, he held that under the contract the Company had not agreed to make such adjustments except on a voluntary basis.

 Contrary to the Union's assertion here, we agree with the district court's ruling that the arbitrator's decision was not unreasonable nor arbitrary and capricious, but derived its essence from the collective bargaining agreement. See United Steel Workers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Section 10 of Article XVI provided that: "The decision of the Impartial Arbitrator on any matter within his jurisdiction and authority shall be final and binding upon the Company, the Union and the employees." On the face of the agreement, the arbitrator had "jurisdiction" to determine that certain issues were beyond his authority to decide. In saying that he had no jurisdiction, the arbitrator was merely following the language of the bargaining agreement.

The judgment of the district court will be affirmed.