445 F.2d 1012
 MARYLAND CASUALTY COMPANY, Plaintiff-Appellant,
v.
Betty B. ROSEN, Administratrix of the Estate of Robert L.
Rosen, Defendant-Appellant, Joan S. Ross,
Administratrix of the Estate of David N.
Shefler, et al., Defendants-Appellees.
 Nos. 892, 893, Docket 71-1101, 71-1123.
 United States Court of Appeals, Second Circuit.
 Argued June 4, 1971.
Decided June 18, 1971.
 
 Paul D. Sheehey, Burlington, Vt. (A. Pearley Feen, Burlington, Vt., of counsel), for plaintiff-appellant.
 Thomas M. Ward, Burlington, Vt. (Wick, Dinse & Allen, Burlington, Vt., of counsel), for defendant-appellant.
 Before CLARK, Associate Justice,[1] SMITH and ANDERSON, Circuit judges.
 SMITH, Circuit Judge:
 
 
 1
 This is an appeal from the United States District Court for the District of Vermont, Bernard J. Leddy, Chief Judge, granting the declaratory Judgment sought by plaintiff-appellant, the Maryland Casualty Company. We find error in the relief granted and reverse and remand for dismissal of the action.
 
 
 2
 The action arose out of an airplane accident which occurred on October 6, 1966. The appellant had issued a policy of liability insurance in favor of Executive Investments Corporation covering a Piper Twin Comanche airplane owned by that company. The stock of Executive Investments was owned by David Shefler, Robert Rosen, and Maury Weiner. On October 6, 1966 at about 5:00 p.m. Rosen and Shefler left Montreal intending to fly to the Burlington, Vermont airport apparently so that Rosen could practice instrument landings. At 8:10 p.m. the airplane landed at Newport, Vermont for customs inspection. The customs form which was executed at Newport indicated that Rosen was the pilot at this point. Sometime after leaving Newport, the aircraft contacted the Burlington Airport tower and requested permission to make a simulated instrument approach to the field. The tower was occupied with other planes at the time and instructed the aircraft to call back in about ten minutes. Before the plane had any further contact with the Burlington tower it crashed into Mt. Mansfield killing those on board.
 
 
 3
 The administratrix of the Estate of Shefler brought a tort action against the Estate of Rosen in the United States District Court in Vermont alleging negligence in Rosen's operation of the aircraft. The Estate of Rosen brought a similar action in the same court and alleged negligent operation of the plane by Shefler. Following the filing of these two actions, the Maryland Casualty Company brought this declaratory judgment action seeking an adjudication as to whether Rosen or Shefler was the pilot of the plane. It did so apparently because it was of the view that once it determined who was the pilot it would then know which estate it was obligated to defend under its insurance policy. Judge Leddy found that Rosen had been the pilot of the plane at the time of the accident, but specifically refused to include in the judgment any finding as to the coverage of the policy or the obligation of the appellant to defend in the action brought against Rosen's estate by Shefler.
 
 
 4
 The relevant portions of the insurance policy issued by the appellant, Maryland Casualty Company, are as follows:
 
 I. Liability Coverages
 
 5
 To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of: D. injury sustained by any person, and injury to property. 'Insured' means the Named Insured and, with respect only to the Liability Coverages, also means any person while using or riding in the aircraft and any person or organization legally responsible for the use thereof, provided the actual use of the aircraft is by the Named Insured or with his permission; and further provided that, none of the following shall be an Insured. 'Named Insured' means the individual, partnership, corporation or other entity whose name is stated in Item 1 of the Declarations.
 
 
 6
 Under the terms of the policy the Maryland Casualty Company was therefore obligated to defend a suit and assume liability in a personal injury action brought against any person using or riding in the aircraft with the permission of the named insured. The finding of the District Court that Rosen was the pilot is not, so far as we are able to determine, determinative or even relevant to the issue of whom the company is obligated to defend. It is obligated to defend both.
 
 
 7
 A declaratory judgment action brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and section 2201 of Title 28 of the United States Code must meet all the substantive and procedural jurisdictional prerequisites of the usual civil action. The Federal Declaratory Judgment Act is merely an added ground upon which litigants may enter the federal courts. One of the essential prerequisities of any civil action in the federal courts is that it state a 'case or controversy' within Article III of the Constitution. (Alabama State Federation of Labor, Local Union No. 103, United Brotherhood of Carpenters and Joiners of America v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945); Standard Accident Insurance Co. v. Alexander, Inc., 23 F.Supp. 807 (D.Tex.1938).) While courts of the United States do have the power to decide questions of fact, in connection with an action for declaratory relief, they may ascertain and find facts only to determine legal consequences and not to make abstract or academic determinations. Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); Lebowich v. O'Connor, 309 F.2d 111, 114 (2d Cir. 1962). In the present case, the determination that Rosen was in fact the pilot of the plane does not affect any legal relationships between the parties. (See, Borchard, Declaratory Judgments (2d ed. 1941).)
 
 
 8
 In reviewing the trial court's exercise of discretion to grant or refuse declaratory relief an appellate court may substitute its judgment for that of the lower court. Delno v. Market St. Ry. Co., 124 F.2d 965, 968 (9 Cir. 1942). This circuit citing Borchard, supra at 299, has recognized two criteria in evaluating the district court's discretion in declaratory judgment matters. Such relief will be proper only (1) where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; or (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings. Broadview Chemical Corp. v. Loctite Corp., 417 F.2d 998, 1001 (2d Cir. 1969). The rationale of these criteria is to avoid the use of the declaratory judgment procedures when the result would be to make inconclusive or abstract determinations, to try the controversy piecemeal, or to try particular issues without settling the entire controversy. In the present case these criteria are not met.
 
 
 9
 The judgment of the District Court is reversed and the case is remanded with direction that the complaint be dismissed.
 
 
 
 [1]
 Sitting by designation