UNITED STATES of America, Plaintiff,

v.

VARIOUS GAMBLING DEVICES, Defendants.

Nos. EC 7147, EC 7153, EC 7155, EC 7157.

United States District Court, N. D. Mississippi, E. D.

March 30, 1972.

H. M. Ray, U. S. Atty., Alfred E. Moreton, Asst. U. S. Atty., Oxford, Miss., Michael Carnes, Special Atty., U. S. Dept. of Justice, New Orleans, La., for plaintiff.

Hunter M. Gholson, William G. Burgin, Jr., Ralph Rood, of Burgin, Gholson, Hicks & Nichols, Columbus, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The claimant, A. B. Fort, has filed a motion to dismiss the In Rem Complaints For Forfeiture filed in the above captioned and numbered actions which have been heretofore consolidated by the court for trial.

Plaintiff seeks an order for forfeiture and condemnation of defendant pinball machines.[1]

---

1. The In Rem Complaints For Forfeiture rely upon 15 U.S.C.A. § 1177 and 28 U.S. C.A. § 1355 for the court's jurisdiction. 15 U.S.C.A. § 1177, provides:

"Any gambling device transported, delivered, shipped, manufactured, reconditioned, repaired, sold, disposed of, received, possessed, or used in violation of the provisions of this chapter shall be seized and forfeited to the United States. All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of vessels, vehicles, merchandise, and baggage for violation of the customs laws; the disposition of such vessels, vehicles, merchandise, and baggage or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims and the award of compensation to informers in respect of such forfeitures shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this chapter, insofar as applicable and not inconsistent with the provisions hereof: *Provided,* That such duties as are imposed upon the collector of customs or any other person with respect to the seizure and forfeiture of vessels, vehicles, merchandise, and baggage under the customs laws shall be performed with respect to seizures and forfeitures or gambling devices under this chapter by such officers, agents, or other persons as may be authorized or designated for that purpose by the Attorney General."

28 U.S.C.A. § 1355, provides:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."

Claimant seeks to recover the machines and asserts that the machines are not subject to forfeiture or condemnation. The motion to dismiss is bottomed on the contention that the statutes upon which plaintiff relies are unconstitutional and unenforceable in the action sub judice.

Counsel for claimant state the proposition, thusly:

"PROPOSITION: THE GAMBLING DEVICES ACT OF 1962, TITLE 15, U.S.C. SECTIONS 1171–1178, AS APPLIED TO 'PINBALL' MACHINES LOCATED IN THE STATE OF MISSISSIPPI IS SO VAGUE AND INDEFINITE AS TO VIOLATE THE DUE PROCESS REQUIREMENTS OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES."

The Mississippi Statute[2] which makes it a crime to possess cane racks, slot machines, pinball machines and other similar gambling devices contains the provision that:

". . . [P]in ball machines which do not return to the operator or player thereof anything but free additional games or plays shall not be deemed to be gambling devices, and neither this act nor any other act shall be construed to prohibit same."

The In Rem Complaints allege violations of 15 U.S.C.A. § 1173(a) (3) which provides:

"It shall be unlawful for any person during any calendar year to engage in the business of repairing, reconditioning, buying, selling, leasing, using, or making available for use by others any gambling device, if in such business he buys or receives any such de-

vice knowing that it has been transported in interstate or foreign commerce after the effective date of the Gambling Devices Act of 1962, unless, after November 30 of the preceding calendar year and before the date on which he buys or receives such device, such person has registered with the Attorney General under this subsection."

■ Claimant's confusion is occasioned by the provisions of 15 U.S.C.A. §§ 1172 and 1178.[3] The court is not here concerned with Section 1172 which deals only with the unlawful transportation of gambling devices. Forfeiture of defendant machines is not sought on the ground that they have been transported in violation of the statute. Neither does Section 1178 have any bearing on the issues here involved. The quoted portion of Section 1178 provides that the Gambling Devices Act is not applicable to a pinball machine "[W]hich is not designed and manufactured primarily for use in connection with gambling, and . . . by the operation of which a person may not become entitled to receive, as the result of the application of an element of chance, any money or property". A pinball machine coming within the coverage of the exemption in Section 1178 is not within the scope of the definition of the term "gambling device" as used in Section 1171(a) (2). We need not give further consideration to the provisions of Section 1178.

The statute upon which the plaintiff's claim is bottomed is Section 1173(a)(3). The statute is couched in clear, plain and understandable language. Simply stated the statute prohibits any person during any calendar year from engaging in certain designated activities relative

---

2. Miss.Code Ann. § 2047 (1956).

3. Section 1178(2) provides, in part, that the Act shall not be applicable "to any machine or mechanical device, such as a coin-operated bowling alley, shuffleboard, marble machine (a so-called pinball machine), or mechanical gun, which is not designed and manufactured primarily for

use in connection with gambling, and (A) which when operated does not deliver, as a result of the application of an element of chance, any money or property, or (B) by the operation of which a person may not become entitled to receive, as the result of the application of an element of chance, any money or property, . . ."

to gambling devices, as such devices are defined in the Act, if in such engagement he buys or receives any such device knowing that it has been transported in interstate or foreign commerce after the effective date of the Act, unless, after November 30 of the preceding calendar year and before the date on which he buys or receives such device, such person has registered with the Attorney General. The statute is a simple statute requiring certain persons designated therein to register with the Attorney General.

■ The fact that a person may transport a pinball machine into Mississippi without violating the prohibition of Section 1172 has no relation to the registration provision of Section 1173(a)(3).

■ Claimant relies on the well established rule that a "statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law". Cramp v. Board of Public Instruction of Orange County, Florida, 368 U.S. 278, 287, 82 S.Ct. 275, 7 L.Ed.2d 285, 292 (1961). See Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

Claimant's attack upon the constitutionality of the Act is based upon the premise that the machines are being confiscated from a person (claimant) who was required, at the peril of his property, to speculate as to the meaning of a statute which appears to extend benefits on the one hand and take them away by the other. This attack cannot be sustained by the record in this action.

■ As has been noted, the machines are not being forfeited or condemned for the reason that they have been transported in interstate commerce, but, rather because claimant performed certain activities in regard to the machines without registering with the Attorney General, pursuant to the command of Section 1173(a)(3). A person may transport a "gambling device" as defined in Section 1171(a)(2), in interstate commerce without violating Section 1172, if the transportation is to a licensed gambling establishment where betting is legal under applicable state law, as, for example to a licensed gambling establishment in the State of Nevada. Yet, one who engages in the activities related to "gambling devices" enumerated in Section 1173(a)(3), at a licensed gambling establishment in the State of Nevada is required to register with the Attorney General, if such person comes within the coverage of Section 1173(a)(3). The transportation statute and the registration statute are not interrelated.

■ The contention of claimant that the Act does not inform a person with reasonable precision of the acts which it intends to prohibit, so that such person may have a certain and understandable rule of conduct which it is his duty to do or to avoid doing, does not find support in the language of the Act or the decisions of the courts.

The constitutionality of Sections 1171 and 1172 was considered by the Sixth Circuit in United States v. H. M. Branson Distributing Company, 398 F.2d 929 (1968). The statutes were attacked on account of "vagueness" and "ambiguity". In responding to the challenge the court said:

> " . . . The language of Sections 1171, 1172 and 1177 of 15 U.S.C. is clear and readily understandable. To contend that it is otherwise is an insult to the intelligence of even a beginner reader. . . . "[4]

The language adopted by the Sixth Circuit to dispose of the challenge to Sections 1171 and 1172, applies with

4. 398 F.2d at 934.

equal force to the attack on Section 1173(a)(3) in the action sub judice.

The court is of the opinion and so finds that the motion to dismiss is not well taken and should be denied.

Accordingly, an order overruling the motion to dismiss will be entered.