CAGUAS EXPRESSWAY MOTORS, INC., Plaintiff,

v.

UNION de TRONQUISTAS de PUERTO RICO, LOCAL 901, Defendant.

No. 79–2515.

United States District Court, D. Puerto Rico.

Oct. 7, 1980.

**114**

Daniel R. Domínguez, Laffitte & Domínguez, Hato Rey, P. R., for plaintiff.

P. Pagán Colón, Santurce, P. R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an action brought under Section 301 of the Labor Management Relations Act of June 23, 1947,[1] requesting this Court to reverse and set aside an award rendered by an arbitrator.

Defendant and plaintiff negotiated and agreed upon a labor contract that was signed on September 13, 1977. Said contract contained a mandatory grievance and arbitration procedure to dilucidate all grievances and/or contract interpretations.

On September 17, 1979 an arbitrator from the Department of Labor and Human Resources of Puerto Rico was requested by the parties to make a decision on the basis of the following submission:

1. 29 U.S.C., Section 185.

"Determine if plaintiffs José R. Garcés and Juan Torres Rodríguez have the right to the 'separation' pay contained in Article XXIV of the collective bargaining agreement signed between the Unión de Tronquistas de Puerto Rico and Cuguas Expressway Motors, Inc."

The arbitrator rendered his award on October 2, 1979 and decided that the two employees, who had resigned from their jobs, were eligible to receive the "separation" payment contained in Article XXIV of the Collective Bargaining Agreement.

Plaintiff, not satisfied with the decision, appealed to this Court alleging that the arbitrator's award did not follow the Collective Bargaining Agreement; that said agreement did not contemplate separation payments to employees who resigned; and that the arbitrator created his own brand of industrial justice.

Article XXIV of the Collective Bargaining Agreement states the following:

"Separation Pay"

"Every employee that ceases as such, that is, where the company is not compelled to re–employ him, will have the right to a month of salary plus one (1) additional week for every year or fraction of a year of service to the company; this payment will not apply in cases of dismissal for causes established in Section 1–Summary Actions, of Article XIV–Disciplinary Actions". (Our translation)

The arbitrator recognized that just as in the dismissal, voluntary resignation constitutes one of the forms of cessation possible in the contractual relationship.

▊ Plaintiff alleges that the arbitrator was not faithful to the collective bargaining agreement because the award is directly contrary to the express language of Article XXIV. It relies on the fact that the title of said article is "Separation Pay" ("Pago por Separación")[2] and that the verb "separar" in Spanish is translated as "to discharge, dismiss".

2. In English: Payment for separation or severance pay.

We find that although the translation advanced by plaintiff is one of the correct translations of the verb "separar", the Spanish Language Dictionary[3] also defines "separar" as "withdrawing from an occupation". Therefore, the award is not contrary to the express language of the Article.

 The requirement that the result of arbitration have foundation in reason or fact means that the award must, in some logical way, be derived from the wording or purpose of the contract. *Brotherhood of R.R. Trainmen v. Central of Georgia Ry. Co.*, 415 F.2d 403 (C.A. 5th Cir., 1969). This was accomplished in the present case. It should be noted that the payment established in Article XXIV is the same one that is conceded in case of unjust dismissal by Act Number 80 of May 30, 1976 (29 LPRA, Sec. 185a). It can be argued that Article XXIV was drafted using this Act as model. But, while 29 LPRA, Sec. 185a expressly states that the indemnity would be in case of discharge without good cause, Article XXIV states that it would be paid if the employee ceases as such. It logically follows that Article XXIV was not intended to limit the payment to the case of discharge or dismissal as it is in the case of Act Number 80.

Even if we were in disagreement with the interpretation given by the arbitrator, that would not be enough to set aside the arbitration award unless it is arbitrary, unreasonable, incomplete, improper or capricious. *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045 (C.A. 1st Cir., 1977); *Federal Labor Union No. 18887 v. Midvale Heppenstall Co.*, 421 F.2d 1289 (C.A. 3rd Cir., 1970). It is the arbitrator's interpretation which was bargained for in the collective bargaining agreement, and so far as said decision concerns construction of the contract, the courts should hesitate overruling him because their interpretation of the contract is different from his. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1959).

**3.** "Diccionario de la Lengua Española, Real Academia Española, 19th Edition, (Madrid, 1970)."

Even in early days when courts were less hospitable to arbitration it was decided that they would not set aside an arbitrator's award for mere errors of fact and law; and mistakes in the admission of evidence or misinterpretation of the contract giving rise to the arbitration would not vitiate the award. *Textile Workers Union of America ... v. American Thread Co.*, 291 F.2d 894 (C.A. 4th Cir., 1961); *Georgia and F. Ry. Co. v. Brotherhood of Locomotive Engineers*, 217 F. 755 (C.A. 5th Cir., 1914); *Mutual Benefit Health and Accident Association v. United Casualty Co.*, 142 F.2d 390 (C.A. 1st Cir., 1944).

 Judicial review of the validity of arbitration awards is narrowly limited and circumscribed. In fact, it is well settled as a general rule of law that unless arbitrators have exhibited a clear infidelity to their duties by fashioning remedial relief which does not "draw its essence" from the pertinent collective bargaining agreement, federal courts are without authority to review the merits of such arbitration awards. *Master Sheet Metal Workers ... v. Local Union No. 17*, 397 F.Supp. 1372 (D.C.1975). See also *Aerojet–General Corp. v. American Arbitration Association*, 478 F.2d 248 (C.A. 9th Cir., 1973); *Trailways of New England Inc. v. Amalgamated Association*, 353 F.2d 180 (C.A. 1st Cir., 1965); *Victor Electric Wire and Cable Corp. v. International Brotherhood of Electrical Workers*, 411 F.Supp. 338 (D.C.1976); *Palacios v. Texaco Puerto Rico Inc.*, 305 F.Supp. 1076 (D.C. 1969).

In view of the foregoing, the arbitrator's award should be enforced. The complaint is hereby dismissed.