**ASSOCIATED GENERAL CONTRAC-
TORS OF MASSACHUSETTS et
al., Plaintiffs,**

**v.**

**BOSTON DISTRICT COUNCIL OF
CARPENTERS et al., Defendants.**

**Civ. A. No. 85–4365–G.**

United States District Court,
D. Massachusetts.

Aug. 25, 1986.

John D. O'Reilly, III, Framingham, Mass., for plaintiffs.

Michael Findberg, Richard Colman, Boston, Mass., for defendants.

Aaron D. Krakow, Michael A. Feinberg, Feinberg & Feld, Boston, Mass., for Boston Dist. Council of Carpenters.

Richard W. Coleman, Segal, Roitman & Coleman, Boston, Mass., for Mass. Laborers' Dist. Council.

## MEMORANDUM AND ORDERS GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DISMISSAL

GARRITY, District Judge.

This action is yet another offshoot of an ongoing controversy concerning the erection of certain scaffolding at the Lafayette Place construction project. Blount Brothers Corp. ("Blount") and its collective bargaining representative, Associated General Contractors of Massachusetts ("AGC"), seek a declaration of the respective rights and obligations of the parties under various collective bargaining agreements, damages for an alleged violation of § 8(b)(4)(B) and (D) of the Labor Management Relations Act, 29 U.S.C. § 158(b)(4)(B) and (D), and finally, asks this court to vacate an arbitration award as beyond the scope of the arbitrator's jurisdiction. The case comes before the court on defendants Boston District Council of Carpenters and Local # 33 of the United Brotherhood of Carpenters' ("Carpenters") motion for summary judgment.[1]

A brief synopsis of the factual background of this case and the procedural history of the larger controversy between the Carpenters and Laborers' unions is necessary for a proper understanding of the court's resolution of defendant Carpenters' motion. The court incorporates by reference the more detailed factual summary contained in its opinion in *Associated General Contractors of Massachusetts, Inc. et al. v. Boston District Council of Carpenters et al.,* D.Mass.1985, 599 F.Supp. 1560.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY:

Blount was the general contractor on the Lafayette Place project in Boston and through its collective bargaining representative, Associated General Contractors, Inc. ("AGC"), Blount had entered into collective bargaining agreements with both the Carpenters and defendant Massachusetts District Laborers Council of the Laborers International Union ("Laborers"). Both unions claimed that certain masonry pipe scaffolding work was covered by clauses in their respective agreements and therefore

---

**1.** The Carpenters' Answer raised as affirmative defenses the grounds upon which they now seek summary judgment. These defenses are consistent with Fed.R.Civ.P. 12(b). Therefore, the court will treat the defenses as a motion to dismiss in the alternative.

within their jurisdiction. Additionally, both agreements contained clauses requiring Blount to subcontract "work covered by this agreement" only to companies which had also signed agreements with the respective unions.

In the course of the construction of Lafayette Place, Blount subcontracted with the Anastasi Brothers Corp. ("Anastasi") for masonry work, which included the disputed pipe scaffolding work. Anastasi was a signatory to a contract with the Laborers, but not with the Carpenters. Anastasi proceeded to assign the scaffolding work to its employees represented by the Laborers. The Carpenters objected to the assignment and engaged in a work stoppage.

The jurisdictional dispute between the Carpenters and the Laborers was resolved before the National Labor Relations Board ("the Board") pursuant to Section 10(k) of the National Labor Relations Act, 29 U.S.C. § 160(k). The Board treated Anastasi as the "employer" for purposes of its decision and determined that Anastasi had properly assigned the disputed work to the Laborers. Blount, as the general contractor, was not directly involved in the 10(k) proceeding.

Prior to the commencement of the Board proceedings, the Carpenters filed a grievance with Blount claiming that Blount's subcontract with Anastasi was a breach of Blount's agreement with the Carpenters. After the Board's decision was issued, the Carpenters took their grievance to an arbitrator, who found that the grievance was a contractual rather than a jurisdictional dispute and therefore arbitrable under the terms of the parties' collective bargaining agreement.

Blount and AGC then brought an action in this court to enjoin further arbitration, contending that the Carpenters' grievance was really a jurisdictional dispute not subject to arbitration under the terms of the agreement, and that the Carpenters' pursuit of the grievance constituted an impermissible attempt to circumvent the Board's decision. In a memorandum and order entered on January 3, 1985, the court denied both the plaintiffs' request to enjoin the arbitration and the Laborers' request to expand the arbitration to a tripartite proceeding. *Associated General Contractors v. Boston District Council, supra.* The court found that the Carpenters' grievance was a bona fide contract dispute subject to arbitration under the terms of the parties' agreement. Since the Carpenters were seeking in arbitration only a declaration that Blount breached the agreement by subcontracting covered work to a nonsignatory, the arbitration would have no impact on the Board's determination that Anastasi properly assigned the scaffolding work to the Laborers. Finally, the court found that the Laborers had no interest or rights at stake in the contract dispute between Blount and the Carpenters, and thus there was no reason to make the arbitration tripartite.

The arbitration proceeded and on October 18, 1985, the Arbitrator rendered a decision and award. He first concluded that the grievance was primarily a subcontracting dispute and thus arbitrable. Secondly, he ruled in favor of the Carpenters on the merits of the grievance, stating that Blount's subcontracting of work covered by the collective bargaining agreement to a subcontractor which was not a signatory to an agreement with the Carpenters constituted a breach of the agreement between Blount and the Carpenters.

Concurrently with the arbitration proceedings, the Board conducted hearings pursuant to a charge filed by Blount alleging that the Carpenters' continued pursuit of their arbitration claim contravened the Board's prior 10(k) determination. On June 3, 1985, the Administrative Law Judge for the Board held that the Carpenters had engaged in an unfair labor practice by pursuing in arbitration an "in-lieu-of wages" claim against Blount for the scaffolding work on the Lafayette Place project. The Carpenters appealed this decision and the appeal is still pending.

## II. COUNTS I, II and IV:

In Counts I and IV of the complaint, plaintiffs seek a determination by this

court of the rights and obligations of the parties under the various collective bargaining agreements with respect to pipe scaffolding work. In Count II of the complaint, plaintiffs seek to vacate the arbitration award of October 18, 1985 on the ground that the arbitrator exceeded his jurisdiction by determining the merits of an issue not arbitrable under the terms of the collective bargaining agreement and already conclusively determined by the prior 10(k) proceeding. After reviewing the briefs submitted by the parties and hearing oral argument, the court holds that Counts I, II and IV of plaintiffs' complaint are barred under the doctrine of *res judicata.*

■ The doctrine of *res judicata* bars a suit on a cause of action which has been judicially determined on the merits in a prior suit involving the same parties or persons in privity with them. Thus, the concurrence of three elements is required: (1) identity or privity of the parties to the actions; (2) identity of the causes of action; and (3) a prior judgment on the merits. Application of these principles to the case at bar compels the conclusion that Counts I, II and IV are barred by the prior judicial determination of *Associated General Contractors of Massachusetts, Inc. et al. v. Boston District Council of Carpenters et al.*

■ There is no dispute that identity of the parties is present here. Secondly, there is sufficient identity of the causes of action. The critical inquiry here is whether the facts underlying the claims are identical. Advancing a new theory of recovery or seeking a new remedy can not overcome *res judicata*'s bar if the claim grows out of the same transaction, occurrence or agreement upon which the previous claim was based. *Isaac v. Schwartz,* 1 Cir.1983, 706 F.2d 15; *A. Musto Co., Inc. v. Satran,* D.Mass.1979, 477 F.Supp. 1172. Comparison of the factual predicates of both the federal suits demonstrates the identity of the causes of action sued upon.

In the prior action, plaintiffs sought to enjoin the Carpenters from taking their grievance against Blount to arbitration on the grounds that the dispute was jurisdictional and thus, not arbitrable, and that the NLRB had already determined that the scaffolding work was properly given to the Laborers. The court rejected this argument and expressly held that the grievance was an arbitrable contractual dispute whose resolution would not conflict with the Board's ruling. Plaintiffs' claim in the instant case that the arbitration award is invalid stems from the same grievance, the same collective bargaining agreement, the same 10(k) determination and, in short, the same nucleus of operative facts before the court in the previous action.

Furthermore, plaintiffs' instant request to vacate the arbitration award raises the same dispositive issue decided by this court in the previous action. Plaintiffs' argument that the award is invalid because the arbitrator had no jurisdiction over the dispute is logically identical to the previously litigated issue of whether the dispute was arbitrable. This court definitively held that the Carpenters' grievance was a contractual dispute which was subject to arbitration under the terms of the parties' collective bargaining agreement. *Associated General Contractors, supra,* at 1562.

Plaintiffs argue that a facial determination of arbitrability in the context of an action to enjoin an arbitration is substantially different from a determination based on the evidence adduced at the arbitration proceedings, citing *Camden Industries Co. v. Carpenters,* 1 Cir.1965, 353 F.2d 178, which stated that "a finding of jurisdiction, unlike a finding on the merits when jurisdiction is not in question ... will not be insulated from further judicial review." *Id.* at 180. However, the court does not construe this statement as an invitation to relitigate the issue of arbitrability once the arbitration has concluded. Rather, in our opinion this statement merely refers to the court's role under § 301 of the Labor Management Relations Act; while the court is prohibited from reviewing the merits of an arbitration award, it may determine whether the parties agreed to arbitrate a particular grievance or whether

they agreed to give the arbitrator power to make the award he made. *See, Steelworkers v. Warrior & Gulf Co.*, 1959, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409. With respect to the arbitrability of a particular dispute, the Supreme Court has made it clear that when confronted with ambiguous arbitration clauses, courts should resolve doubts in favor of coverage. *Id.* at 582, 80 S.Ct. at 1352. The statement cited by plaintiffs in the *Camden Industries* case refers to the post-arbitration judicial review available to the party who resisted arbitration: upon a petition to vacate the award, the court, while precluded from reviewing the merits of the award, may examine the jurisdiction or power of the arbitrator to make the award he made. *See, Steelworkers v. Enterprise Corp.*, 1959, 363 U.S. 593, 596–97, 80 S.Ct. 1358, 1360–61, 4 L.Ed.2d 1424. Contrary to plaintiffs' assertion, this statement does not imply that the arbitrability issue is exempt from *res judicata* or that courts may circumvent the prohibitions of § 301 when ruling on arbitrability from a post-arbitration standpoint. Clearly, then, the *res judicata* effect of the court's previous ruling on arbitrability is not overcome by plaintiffs' presentation of evidence and facts which are not appropriate for judicial consideration.[2]

■ The third element of *res judicata*, a final judgment on the merits, is also satisfied here. In the previous action, on cross-motions for summary judgment, the court granted summary judgment for the Carpenters, denied AGC and Blount's motion, and denied the Laborers' motion to make the arbitration tripartite, thereby disposing of the entire action. For *res judicata* pur-

poses, summary judgment constitutes a final judgment on the merits.[3] *Prakash v. American University*, D.C.Cir.1984, 727 F.2d 1174. Plaintiffs argue, however, that the grant of summary judgment in the previous action was not an appealable order and thus, has no *res judicata* effect in the instant action, citing *Hartford Financial Systems v. Florida Software Services*, 1 Cir.1983, 712 F.2d 724, and *New England Power Co. v. Asiatic Petroleum*, 1 Cir. 1972, 456 F.2d 183. Those cases, however, are inapposite. Both of them address the issue of appealability pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1) of § 3 and § 4 orders under the Arbitration Act, 9 U.S.C. §§ 3 and 4.[4] As stated most recently in *Mowbray et al. v. Moseley, Hallgarten, Estabrook & Weeden, Inc., et al.*, 1 Cir. 1986, 795 F.2d 1111, decided July 3, 1986, section 4 orders to compel arbitration can be appealed as injunctions if the underlying action rests in law, and as final orders under 28 U.S.C. § 1291, where the section 4 order constitutes the full relief sought in an independent proceeding brought before litigation on the underlying claim is begun. Section 3 orders, however, are only appealable as "injunctions" under 28 U.S.C. § 1292(a)(1) if the underlying claim is legal rather than equitable in nature. Such rules are designed to accommodate both the litigants' interest in avoiding irreparable consequences of erroneous interlocutory orders and the federal interest in avoiding piecemeal judicial review.

■ In the instant case, however, such appealability rules are not implicated. Neither a section 3 stay nor a section 4 order compelling arbitration was sought by the parties in the previous federal action. That

---

2. The court does not construe the instant complaint as asserting a claim that the award does not draw its essence from the collective bargaining agreement.

3. Although a separate order of judgment in the previous action was never entered in accordance with Fed.R.Civ.P. 58, the court attaches no significance to this ministerial oversight. During oral argument on the motion at issue in the instant case, the parties and the court treated the previous action as closed for all practical

purposes, thereby extinguishing any right to appeal.

4. § 3 permits a court, upon application of one of the parties, to stay court proceedings on an issue referable to arbitration until such arbitration has been had in accordance with the terms of the parties' agreement. § 4 permits a court, upon petition of the aggrieved party, to compel the other party to an agreement for arbitration to proceed to arbitration in accordance with the terms of that agreement.

action sought only to enjoin the Carpenters from proceeding to arbitration and thus, the court's grant of summary judgment in the Carpenters' favor disposed of the entire litigation on the merits. In contrast, in the cases cited by plaintiffs, the section 3 and section 4 orders constituted only a preliminary part of the relief sought and thus, rather than terminating the litigation, merely suspended further proceedings on the remaining underlying claims until after arbitration. Under 28 U.S.C. § 1291, a judgment is "final", and thus appealable, if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *In re Berkley and Co., Inc.*, 8 Cir.1980, 629 F.2d 548; *Dilly v. S.S. Kresge*, 4 Cir.1979, 606 F.2d 62. This court's order of summary judgment rendered final judgment as to all parties and all causes of action and thus constituted a "final decision" appealable under § 1291. Accordingly, the court's order of summary judgment in the prior action is entitled to *res judicata* effect in the instant action. The failure of plaintiffs to appeal the order does not affect its finality for *res judicata* purposes and hence, it operates as a bar to the instant suit. *United States v. American Tel. & Tel. Co.*, D.C.Cir.1983, 714 F.2d 178.

Plaintiffs' final argument against application of *res judicata* to the case at bar is that it is much broader in scope than the previous action and thus, is not an attempt simply to relitigate the same cause of action. In support of this contention, plaintiffs point out that their previous suit involved only one specific job site, whereas the instant action seeks a declaration as to the rights and obligations of the parties under the various collective bargaining agreements with respect to pipe scaffolding work in general. Plaintiffs further rely on the difference in the relief requested in the two suits. Specifically, plaintiffs argue that the prior action sought only an injunction against a particular arbitration, whereas here, plaintiffs are seeking either a declaration from this court or an order compelling tripartite arbitration of the parties' competing claims. However, the court rejects plaintiffs' position for several reasons.

First, to the extent that plaintiffs rely on the request for a tripartite arbitration as establishing a new cause of action, that reliance is misplaced. In the previous proceeding, this court denied the Laborers' motion for a tripartite arbitration on the ground that the grievance between Blount and the Carpenters had no jurisdictional component and the Laborers had no rights at stake in this contract dispute which they were entitled to protect. *Associated General Contractors, supra*, at 1562. Thus, the issue of the propriety of a tripartite arbitration was fully litigated in the first action.

■ Secondly, the presentation of a new theory of recovery or the request for a different remedy, such as the declaratory relief requested here, will not overcome the preclusive effect of a prior judgment if the claim arises from the same nucleus of fact upon which the first judgment was based. *Isaac v. Schwartz*, 1 Cir.1983, 706 F.2d 15. The applicability of *res judicata* turns upon the similarity between the factual predicates of the two claims, not upon that of the legal theories advanced or the remedies requested. Consequently, a litigant may not split a single cause of action by asserting different remedies or legal theories serially in successive actions, but must advance them all at once on pain of bar. Thus, to the extent that plaintiffs seek declaratory relief with respect to the contractual rights and obligations of the parties regarding pipe scaffolding work at Lafayette Place, that remedy was clearly available to plaintiffs at the time the first action was filed and plaintiffs are now barred from asserting it.

■ Finally, to the extent that plaintiffs' request for declaratory relief encompasses the broader issue of the parties' contractual rights and obligations vis .a vis pipe scaffolding work in general, the court believes there are cogent reasons for declining to exercise jurisdiction over this aspect of plaintiffs' case. It is well settled

that plaintiffs' request for a declaration of rights under the various collective bargaining agreements of the parties is within the jurisdiction conferred on this court by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *New Bedford Defense Products Division of Firestone Tire & Rubber Co. v. Local No. 1113 of Intern. Union, United Auto, Aircraft and Agr. Implement Workers of America (UAW, AFL–CIO)*, D.Mass.1958, 160 F.Supp. 103, *aff'd*, 1 Cir.1958, 258 F.2d 522. It is equally well settled, however, that declaratory relief is not a matter of absolute right, but a matter of reasoned discretion on the part of the court as to whether jurisdiction should be exercised or declined. *Broderick v. diGrazia*, 1 Cir.1974, 504 F.2d 643. In the instant case, several considerations counsel against exercising the court's discretionary power to render a declaratory judgment.

First, the court has serious doubts that the contractual rights and obligations of the parties with respect to pipe scaffolding work in general presents an actual controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201. Unless an actual controversy exists, the court is without power to grant declaratory relief. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 1941, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. In the case at bar, plaintiffs have already received a determination by the arbitrator that Blount's subcontract with Anastasi for pipe scaffolding work caused a breach of Blount's agreement with the Carpenters. Furthermore, the Board has also ruled on the jurisdictional question raised by Anastasi's assignment of the pipe scaffolding work at Lafayette Place to the Laborers. Thus, any declaration by this court of the contractual rights and duties of the parties with respect to pipe scaffolding work in general would necessarily be based on a hypothetical controversy or speculation as to future subcontracts entered into by Blount or future grievances raised by the unions. In the court's view, the controversy cited by plaintiffs is neither sufficiently concrete nor immediate to warrant the exercise of the court's discretionary power to grant declaratory relief. *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.*, 1 Cir. 1971, 439 F.2d 871.

Another important consideration in determining whether declaratory relief is appropriate is whether a judgment will serve a useful purpose in either clarifying and settling legal relations or finally ending the controversy giving rise to the proceedings. *Maryland Casualty Co. v. Rosen*, 2 Cir. 1971, 445 F.2d 1012. Inasmuch as a declaration by this court would necessarily be based on speculation about the parties' future conduct or on hypothetical grievances which might never occur, it would neither clarify the parties' contractual relations nor finally resolve the dispute over pipe scaffolding work. However, plaintiffs are hardly without guidance concerning the future course of their relations with the two unions. The decisions issued pursuant to the 10(k) proceeding, the arbitration, and the proceedings before this court should enable plaintiffs to avoid future conflicts resulting from Blount's overlapping contractual commitments to the two unions. Finally, any contractual disputes that do arise between Blount and the Carpenters or Laborers are properly resolved through the arbitration procedure mandated by the terms of the parties' collective bargaining agreements. Similarly, bona fide jurisdictional disputes fall within the exclusive jurisdiction of the NLRB and are thus not properly before the court for determination. *Brown v. Sterling Aluminum Products Corp.*, 8 Cir.1966, 365 F.2d 651.

## III.  COUNT III:

Plaintiffs seek in Count III to recover damages for the Carpenters' alleged violation of § 8(b)(4)(B) & (D) of the Labor Management Relations Act, 29 U.S.C. § 158(b)(4)(B) & (D). Plaintiffs allege that the Carpenters pursued arbitration of an unarbitrable dispute for the purpose of forcing Blount to assign the pipe scaffolding work to the Carpenters, and thereby attempted impermissibly to circumvent the Board's decision. Of course, activity which

**1442**

is deemed an unfair labor practice under § 8(b)(4) may not form the basis of a cause of action for damages under § 301 of the Act, 29 U.S.C. § 185, unless it also constitutes a violation of the collective bargaining agreement between the parties. *Rae v. United Parcel Service of Pa.*, D.Pa.1973, 356 F.Supp. 465. Accordingly, the court construes Count III as an allegation that the Carpenters breached their agreement with Blount by forcing Blount to arbitrate a dispute which was expressly excluded from arbitration by the terms of that agreement. However, an examination of plaintiffs' claim reveals that the Carpenters are entitled to judgment as a matter of law on this claim.

The doctrine of collateral estoppel precludes a party from relitigating a question put in issue and conclusively determined against that party in a prior proceeding. *O'Reilly v. Malon*, 1 Cir.1984, 747 F.2d 820. In the prior federal action, plaintiffs contended that the Carpenters' grievance was a jurisdictional dispute and thus not subject to arbitration under the terms of the parties' collective bargaining agreement. This court rejected that argument, holding that the grievance was an arbitrable contractual dispute and that the arbitration had no jurisdictional component since the pipe scaffolding work had been definitively awarded to the Laborers. *Associated General Contractors, supra*, at 1562.

Where a question of fact or law has been actually litigated and necessarily determined by a valid final judgment, that determination is conclusive in a subsequent action between the same parties. *Pignons S.A. de Mecanique v. Polaroid Corp.*, 1 Cir.1983, 701 F.2d 1; *Manning v. Grimsley*, 1 Cir.1981, 643 F.2d 20. Accordingly, plaintiffs are collaterally estopped from asserting in the instant action that the Car-

penters' grievance was not arbitrable under the terms of the parties' agreement. Clearly, then, the Carpenters' pursuit of arbitration of a grievance which was conclusively determined to be arbitrable under the parties' agreement worked no breach of that agreement. Plaintiffs may not now claim that they sustained damages by being required to arbitrate a grievance which they were found to have expressly agreed to arbitrate. Since plaintiffs do not allege any other grounds to support their claim of breach of the parties' collective bargaining agreement, the court holds as a matter of law that no violation of the agreement occurred. Under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the jurisdiction of the federal district courts is limited to suits for violation of contracts between an employer and a labor organization. In the absence of any violation of the agreement at issue here, the court lacks jurisdiction over the claim advanced in Count III of plaintiffs' complaint. *Marydale Products Co. v. United Packinghouse Workers of America, AFL–CIO*, 5 Cir. 1963, 322 F.2d 224. Accordingly, pursuant to Fed.R.Civ.P. 12(b)(1), the court dismisses for lack of subject matter jurisdiction Count III of the complaint.[5]

### IV.  CONCLUSION:

The court grants defendant Carpenters' motion for summary judgment on Counts I, II and IV of the complaint and their constructive motion to dismiss Count III for lack of subject matter jurisdiction.

---

**5.** The Carpenters also moved for summary judgment on Count III insofar as the claim advanced therein related to the allegedly erroneous arbitration. As discussed *ante,* the court construed Count III as a claim of breach of contract arising solely from the arbitration of what plaintiffs contended was an unarbitrable grievance. Since the court has held that collateral estoppel applies to preclude plaintiffs from

claiming a breach of the agreement, it is clear that no genuine issue of fact exists with respect to Count III and the Carpenters are entitled to a judgment as a matter of law. Thus, to the extent that the court has jurisdiction over Count III of the complaint, it grants the Carpenters' motion for summary judgment on this claim as well.