**PENNSYLVANIA VIDEO OPERATORS, a/k/a P.A.V.O., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 89–2205.**

United States District Court, W.D. Pennsylvania.

March 2, 1990.

Edward A. McQuoid, William Difenderfer, Pittsburgh, Pa., for plaintiff.

Robert L. Eberhardt, Asst. U.S. Atty., for defendant.

## OPINION

COHILL, Chief Judge.

By this suit plaintiff seeks declaratory and injunctive relief to prevent the seizure of video poker machines by the federal government. The action dies aborning.

Pennsylvania Association of Video Operators ("PAVO") is a non-profit corporation serving as a trade association for owners of arcade amusement games such as pinball and video games. Most, if not all, of PAVO's 25 members own and operate video poker machines in Western Pennsylvania.

In August, 1989 the late Judge Gerald J. Weber issued an extensive Opinion concerning video poker. *United States v. 294 Various Gambling Devices*, 718 F.Supp. 1236 (W.D.Pa.1989). In that Opinion, Judge Weber concluded that many of the video poker machines in issue were illegal gambling devices under the Gambling Devices Act of 1962 15 U.S.C. § 1171 *et seq.* and were subject to forfeiture. After Judge Weber's untimely passing, this matter fell to the undersigned.

After Judge Weber's landmark Opinion, federal officials expressed an intention to enforce the Gambling Devices Act as interpreted by the Court and to seize offending video poker machines in the Western District of Pennsylvania. To our knowledge no additional seizures have yet been made by federal officials, and no additional forfeiture actions have been instituted. Nonetheless, on October 27, 1989, PAVO instituted this action.

In its Complaint, PAVO asserts that the government's threatened enforcement would:

violate the civil rights of its members by depriving them of their property without due process of law and in contravention of the provisions of said [Gambling Devices] Act.

PAVO seeks the following relief:

A. To declare defendant's threatened seizure of the property of plaintiff's members wrongful and illegal;

B. To enjoin defendant from doing so; and

C. To issue such other interim relief as may be necessary and proper to secure the rights of plaintiff's members.

The government has filed a Motion to Dismiss for various reasons, and the parties have submitted briefs.

### 1.) *Jurisdiction*

■ The government contends that there is no jurisdictional basis for plaintiff's suit because the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, alone does not create subject matter jurisdiction. While this basic premise is correct, plaintiff's suit challenges the constitutionality of a federal statute and it is therefore sufficient to invoke federal question jurisdiction. *E.g., Time Inc. v. Regan*, 539 F.Supp. 1371, 1373 n. 1 (S.D.N.Y.1982), *aff'd in part, rev'd in part* on other grounds, 468 U.S. 641, 104 S.Ct. 3262, 82 L.Ed.2d 487 (1984); *Rowland v. Tarr*, 378 F.Supp. 766, 769 (E.D.Pa.1974).

### 2.) *Actual Controversy*

■ The government contends that this matter is premature and lacks ripeness because the government has not actually made any seizures or instituted any prosecutions since the issuance of Judge Weber's Opinion in August, 1989, but has merely warned of future enforcement. The government's argument begs the question. The purpose of a declaratory judgment action in this context is to obtain a ruling on a plaintiff's criminal liability without the plaintiff having to subject himself to criminal prosecution. Such an action is appropriate if the plaintiff can establish the existence of an "actual controversy," *i.e.,* that the threatened prosecution is real and imminent rather than imaginary or speculative. *E.g., Steffel v. Thompson*, 415 U.S. 452, 458, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505, 514 (1974). As alleged in the present case, the United States Attorney for the Western District has made several well-publicized unequivocal statements of his intention to enforce the Gambling Devices

Act as interpreted and to institute forfeiture actions and criminal proceedings in the near future. These statements were neither vague nor illusory and therefore plaintiff satisfies the actual controversy requirement.

### 3.) *Failure to State a Claim*

■ The true difficulty with plaintiff's complaint is trying to define just what plaintiff is alleging to be the basis of its suit. In conclusory fashion, pertinent portions quoted above in their entirety (page 718, *supra*), plaintiff alleges that the government's threatened seizures and prosecutions are illegal and will deprive plaintiff's members of their due process rights. But nowhere does plaintiff allege just what is illegal about enforcement of the Act or how members' due process rights are implicated.

■ The constitutionality of the Gambling Devices Act has been litigated in the past from various angles, and in each case the statute has been upheld. *United States v. Various Gambling Devices*, 340 F.Supp. 1200 (N.D.Miss.1972), *aff'd* 478 F.2d 1194 (5th Cir.1973); *United States v. H.M. Branson Distributing Co.*, 241 F.Supp. 57 (W.D.Ken.1965), *aff'd* 398 F.2d 929 (6th Cir.1968); *United States v. Ansani*, 240 F.2d 216 (7th Cir.1957); *Nilva v. United States*, 212 F.2d 115 (8th Cir.1954); *United States v. Various Gambling Devices*, 368 F.Supp. 661 (N.D.Miss.1973); *United States v. 65 Slot Machines*, 102 F.Supp. 922 (W.D.La.1952). Furthermore, forfeiture statutes in general are constitutionally sound and are not violative of due process rights simply because they involve the seizure of property. *E.g., Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), and cases cited therein.

In this case plaintiff has failed to identify in even the most rudimentary fashion any potential constitutional violation. Conclusory allegations are insufficient to state a claim.

■ The vagueness of plaintiff's conclusory Complaint is further compounded by the prospect of extensive factual battles over the various types and models of video poker machines. As recited in Judge Weber's Opinion, consideration of the various characteristics of each game and machine is the core of analysis under the statute. A declaratory judgment action to determine criminal liability in anticipation of criminal proceedings is appropriate when the declaration will settle the question presented and terminate the entire controversy. The courts are to avoid using declaratory judgment to make abstract determinations or to try the controversy in piecemeal fashion. *E.g., Maryland Casualty Co. v. Rosen*, 445 F.2d 1012 (2d Cir. 1971); *Rowland v. Tarr*, 378 F.Supp. 766, 769 (E.D.Pa.1974).

■ If plaintiff's challenge is to the constitutionality of the Gambling Devices Act *as applied,* we cannot make such a declaration because the answer depends on the characteristics of each machine. Gradations of fact may well make a difference in criminal liability or forfeiture. It is simply impossible for this Court to anticipate all possible combinations of characteristics in video poker machines and to issue a declaratory judgment which will settle this controversy. This matter is better left to individual criminal proceedings where the facts may be developed and the statute applied on a case by case basis.

### CONCLUSION

The conclusory allegations of plaintiff's Complaint fail to state a claim for declaratory judgment or injunctive relief. Plaintiff fails to identify any potential constitutional infirmity in the statute, either on its face or as applied, and the action must therefore be dismissed. Furthermore, it is clear that the Court would be unable to resolve the controversy in its entirety by declaratory judgment and therefore we decline to exercise jurisdiction.