**Thomas DOWD, Plaintiff, Appellant,**

v.

**The SOCIETY OF ST. COLUMBANS,
Defendant, Appellee.**

**No. 87–1800.**

United States Court of Appeals,
First Circuit.

Heard Sept. 16, 1988.

Decided Nov. 22, 1988.

Rehearing En Banc Denied Jan. 12, 1989.

█

---

Thomas Dowd, pro se.

William E. Seidler, Ryan, Seidler & Langdon, Omaha, Neb., Robert Harrington and Serino, Harrington & Vernaglia, Boston, Mass., on brief, for defendant, appellee.

Before BOWNES, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Thomas Dowd, appearing *pro se*, appeals from the district court's allowance of appellee's motion for summary judgment. Appellee raised the defense of res judicata, arguing that the issues raised by appellant were previously and finally decided in a prior suit in which the parties were the same or in privity. For the following reasons, we affirm the district court's decision to allow the motion.

Plaintiff-appellant is a Roman Catholic priest and a resident of Dedham, Massachusetts. His first suit, alleged by defendant-appellee to be a bar to the instant suit, was filed in the district court in 1987, basing jurisdiction on diversity of citizenship. His complaint named as defendant "The Society of St. Columban, Corporation Sole," located in Nebraska. Appellant sought monetary damages for breach of contract, including maintenance, professional services, health care, transportation, clothes and housing, to which appellant claimed entitlement by virtue of his membership oath to the defendant organization. He also claimed that damages arose from defamation and conversion by defendant. Briefly, appellant asserted that his grievances arose when he became ill while performing missionary duties abroad, and was abandoned by the defendant organization, left uncared-for and unsupported, contrary to the contractual obligations owed by defendant to appellant. Defendant replied, interpreting appellant's suit to be directed at St. Columban's Foreign Missionary Society, an incorporated entity with only a Board of Directors and no members, formed under the auspices of the unincorporated Missionary Society of St. Columban. Appellant was a member of the latter organization. The defendant in this suit asserted that while appellant was living abroad, he began living and working as a layman, outside of the context of the Society and the priesthood, without seeking or

receiving formal permission to proceed in this status. Rather than discharging appellant, defendant asserted that various members of the Society encouraged him to seek legitimate clarification of his status and to pursue his grievances about his treatment through formal conciliation procedures established by the Constitution and Directory of the Missionary Society of St. Columban (of which appellant was a member) and the Roman Catholic Church.

Defendant filed a motion to dismiss and subsequently requested the court to treat its motion as one for summary judgment. Defendant provided materials, including an affidavit and a copy of the Missionary Society's Conciliation Procedures in support of its motion. Defendant asserted that appellant's grievances were matters of religious law and internal religious procedures of the Missionary Society of which he was a member. Defendant further argued that, under the First Amendment, the court should not intervene in or adjudicate matters of religious law and that as a matter of law, this controversy was not one which was properly the subject of the court's inquiry. It appears that appellant did not succeed in specifying any facts which would indicate a genuine issue of material fact with regard to the religious nature of the wrongs asserted by his complaint. The district court granted summary judgment. Appellant did not pursue an appeal from this judgment.

Appellant filed a second complaint in the district court, again appearing *pro se,* and naming as defendant the "Society of St. Columbans." He alleged that defendant's gross negligence and neglect caused him to suffer permanent disability while he was in defendant's employ. Appellant sought monetary damages of $10,000,000 to compensate for his injury and to provide for his living expenses over the remainder of his life.

It appears that defendant in this action interpreted appellant's complaint as being directed at the Missionary Society of St. Columban; this organization responded by filing a motion for summary judgment. Defendant asserted that appellant's second complaint should be barred by res judicata

because a final judgment had been rendered in the first cause of action which involved an identical issue. That issue was whether the court properly had jurisdiction to decide a controversy involving appellant's membership in the Missionary Society of St. Columban. Defendant submitted the pleadings, affidavits, and exhibits from the prior proceeding in support of its motion.

■ After careful consideration, we conclude that the district court correctly allowed defendant's motion for summary judgment in the instant case under the theory of res judicata. Under res judicata, a final judgment on the merits bars the parties or their privies from relitigating issues that were or could have been raised in the first cause of action. *E.g., Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Manego v. Orleans Board of Trade,* 773 F.2d 1 (1st Cir.1985), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986). In applying res judicata, we have used a transactional approach to evaluate the similarity of claims. In effect, we have attempted to determine whether the new complaint grows out of the same transaction or series of connected transactions; in doing so, we ascertain whether the underlying facts are related in time, space, origin, or motivation. *See Manego, supra; Issac v. Schwartz,* 706 F.2d 15 (1st Cir.1983); Restatement (Second) of Judgments § 24.

Both complaints filed by appellant pertain to his treatment by the Missionary Society during the period in which he was performing missionary work in Japan and thereafter, presumably up to the present time. As previously described, summary judgment was granted in the first action brought by appellant because his grievances constituted religious controversies which were not the proper subject of a civil court inquiry. Appellant's first cause of action was phrased in contract terms and was based on an apparent controversy about the Missionary Society's financial and medical obligations to appellant during and after the period of time that appellant was performing missionary work in Japan

as part of his membership in the Society. Appellant's second complaint sought damages for the Society's alleged negligence and neglect in allowing appellant to suffer what he described as "permanent disability while in the employ and under the obedience of the defendant." Defendant asserts that both actions arise out of the same facts and circumstances, and appellant has not provided any facts or assertions contesting defendant's position. In his brief on appeal, appellant acknowledges that the second action, alleging neglect and negligence, was "inflicted" in Japan. Indeed, appellant's own complaint in the second action acknowledges that his claims of negligence arose "while in the employ" of the defendant. Defendant further asserts that, like the first controversy, the second cause of action involves issues of religious law which are not the proper subject of civil court inquiry. Appellant has failed to set forth any specific facts showing there is a genuine issue for trial regarding the religious nature of his controversy or the inapplicability of res judicata based on the court's prior adjudication.

Despite appellant's attempt to frame his second complaint as a tort action, the mere fact that different legal theories are presented in each case does not mean that the same transaction is not behind each. *Manego v. Orleans Board of Trade*, 773 F.2d 1 (1st Cir.1985), *cert. denied*, 475 U.S. 1084, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986). To the extent that both actions by appellant pertained to his perception of the medical and financial obligations of the Society to him as a member, defendant correctly asserts that both actions involve rules, policies and decisions which should be left to the exclusive religious jurisdiction of the church and the Society. The Society's own internal guidelines and procedures must be allowed to dictate what its obligations to its members are without being subject to court intervention. It is well-settled that religious controversies are not the proper subject of civil court inquiry. *E.g., Serbian East Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976); *Kedroff v. Saint Nicholas Cathedral*, 344 U.S. 94, 73 S.Ct. 143, 97 L.Ed. 120 (1952). Religious bodies must be free to decide for themselves, free from state interference, matters which pertain to church government, faith and doctrine. *Kedroff, supra* at 116, 73 S.Ct. at 154.

Summary judgment constitutes a final judgment on the merits for purposes of applying res judicata. *E.g., Hubicki v. ACF Industries*, 484 F.2d 519 (3d Cir.1973); *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 421 F.2d 1313 (5th Cir.1970), *cert. denied*, 400 U.S. 991, 91 S.Ct. 454, 27 L.Ed.2d 439 (1971); *Associated General Contractors v. Boston District Council of Carpenters*, 642 F.Supp. 1435 (D.Mass.1986).

■ With regard to the identity of the parties, although appellant's first complaint appeared to name the St. Columban's Foreign Missionary Society as defendant, the affidavit of Father O'Brien made it clear that the organization which would properly respond to appellant's grievances was the Missionary Society of St. Columban, of which appellant was a member. Since the Foreign Missionary has only a Board of Directors and no members, since its Board members are members of the Missionary Society of St. Columban, and since grievances regarding membership in the Missionary Society were shown to be governed by the Missionary Society's Constitution and Directory, we conclude that the two organizations are sufficiently identical to make summary judgment in favor of one binding in an identical cause of action against the other.

For the foregoing reasons, we conclude that res judicata barred relitigation of appellant's claims raised in his second complaint. The judgment of the district court is hereby *affirmed*.