[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 97-2171

SHEKELA FARMER,

Plaintiff, Appellant,

v.

HILL & BARLOW, A PROFESSIONAL CORPORATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Torruella, Chief Judge,
Coffin, Senior Circuit Judge,
and Stahl, Circuit Judge.

Shekela Farmer on brief pro se.
Wilfred J. Benoit, Jr. and Goodwin, Procter & Hoar LLP on
brief for appellee.

July 31, 1998

Per Curiam. We have carefully considered the record
and briefs on appeal and affirm the judgment below. A final
judgment on the merits precludes the parties from relitigating
claims that were or could have been raised in the original
action. Allen v. McCurry, 449 U.S. 90, 94 (1980). A single
transaction may generate a wealth of claims under a variety of
legal theories, but a legal theory which was neglected in the
original action will not be entertained in a subsequent action. 
Gonzalez v. Banco Central Corporation, 27 F.3d 751, 755 (1stCir. 1994); Kale v. Combined Insurance Company, 924 F.2d 1161,
(1st Cir.), cert. denied, 502 U.S. 816 (1991). 
The judgment in the original action was rendered on
the merits, even if, as the appellant states, her attorney
wrongly neglected to oppose summary judgment. Down v. Society
of St. Columbans, 861 F.2d 761, 764 (1st Cir. 1988). Even if
such neglect occurred, the appellee cannot be made accountable
by requiring it to re-litigate the action. The doctrine of res
judicata serves the important goals of fairness and efficiency
by promoting finality and preventing vexatious or repetitive
litigation. Commissioner v. Sunnen, 333 U.S. 591, 597 (1948). 
Affirmed. Loc. R. 27.1.