USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 97-2171 SHEKELA FARMER, Plaintiff, Appellant, v. HILL & BARLOW, A PROFESSIONAL CORPORATION, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] Before Torruella, Chief Judge, Coffin, Senior Circuit Judge, and Stahl, Circuit Judge.   Shekela Farmer on brief pro se. Wilfred J. Benoit, Jr. and Goodwin, Procter & Hoar LLP onbrief for appellee.July 31, 1998 Per Curiam. We have carefully considered the record and briefs on appeal and affirm the judgment below. A final judgment on the merits precludes the parties from relitigating claims that were or could have been raised in the original action. Allen v. McCurry, 449 U.S. 90, 94 (1980). A single transaction may generate a wealth of claims under a variety of legal theories, but a legal theory which was neglected in the original action will not be entertained in a subsequent action.  Gonzalez v. Banco Central Corporation, 27 F.3d 751, 755 (1stCir. 1994); Kale v. Combined Insurance Company, 924 F.2d 1161, (1st Cir.), cert. denied, 502 U.S. 816 (1991).  The judgment in the original action was rendered on the merits, even if, as the appellant states, her attorney wrongly neglected to oppose summary judgment. Down v. Society of St. Columbans, 861 F.2d 761, 764 (1st Cir. 1988). Even if such neglect occurred, the appellee cannot be made accountable by requiring it to re-litigate the action. The doctrine of res judicata serves the important goals of fairness and efficiency by promoting finality and preventing vexatious or repetitive litigation. Commissioner v. Sunnen, 333 U.S. 591, 597 (1948).  Affirmed. Loc. R. 27.1.