# United States Court of Appeals
## For the First Circuit

No. 01-1985

CARMEN CABALLERO-RIVERA,
TALÍ BENET-SOTO,

Plaintiffs, Appellants,

v.

THE CHASE MANHATTAN BANK, N.A.,
HOUSING INVESTMENT CORP.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Boudin, Chief Judge,
Kravitch,* Senior Circuit Judge,
and Torruella, Circuit Judge.

José M. Tous-Rodríguez, for appellants.
Heriberto J. Burgos-Pérez, with whom Fiddler, González & Rodríguez LLP and Mariano A. Mier-Romeu, were on brief, for appellees.

* Of the Eleventh Circuit, sitting by designation.

January 10, 2002

**Per Curiam.** Plaintiffs-appellants Carmen Caballero-Rivera and Talí Benet-Soto appeal from the district court's dismissal of their case. Specifically, appellants argue that the district court erred in applying the doctrine of res judicata to preclude their claim.

A brief examination of the procedural history of this case, however, reveals the accuracy of the district court's ruling. In 1999, plaintiffs filed suit in district court claiming that defendants had defrauded them by submitting false documents to the Superior Court of Puerto Rico in a previous lawsuit between the parties.[1] Shortly after the suit was filed, defendants moved for summary judgment. The district court granted defendants' motion on the grounds that plaintiffs failed to raise a genuine issue of material fact by not satisfying the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).[2] Plaintiffs did not appeal the district court's ruling.

Instead, plaintiffs filed this suit in Puerto Rico Superior Court. Defendants removed the case to federal court and filed a motion

---

[1] In the interest of brevity, we refrain from discussing the lawsuits filed by plaintiffs against defendants in 1985, 1992, and 1995 over the same issue.

[2] Federal Rule of Civil Procedure 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

to dismiss. The district court granted the dismissal, ruling that the doctrine of res judicata precluded plaintiffs' claim.

The doctrine of res judicata promotes the goals of fairness and efficiency by preventing vexatious or repetitive litigation. See Comm'r v. Sunnen, 333 U.S. 591, 597 (1948). A claim will be precluded by res judicata if the following elements are demonstrated: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." González v. Banco Central Corp., 27 F.3d 751, 755 (1st Cir. 1994).

In the instant case, all three factors are so clearly present that only a brief discussion of them is necessary. First, the summary judgment ruling that disposed of plaintiffs' earlier claim constitutes "a final judgment on the merits." See Dowd v. Soc'y of St. Columbans, 861 F.2d 761, 764 (1st Cir. 1988) (noting that "[s]ummary judgment constitutes a final judgment on the merits for purposes of applying res judicata").[3] Second, by plaintiffs' own admission, the instant case is

---

[3] Without considering the merits of the prior dismissal, we find no procedural error in the district court's decision to grant summary judgment on the basis of plaintiffs' inability to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). See, e.g., Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs., 48 F.3d 1066, 1070 (8th Cir. 1995) (ruling that "[a] district court may enter summary judgment dismissing a complaint alleging fraud if the complaint fails to satisfy the requirements of Rule 9(b)"); see also Whalen v. Carter, 954 F.2d 1087, 1098 (5th Cir. 1992) (same). Our position is further buttressed

-4-

identical to the previous suit.  Third, there is no question that the two suits contain the same parties.

Because we find no error in the district court's application of res judicata, we **affirm**.

by the fact that plaintiffs failed to satisfy the pleading requirements after eight years of litigation.