**Ramon E. CASTRO, Plaintiff,**

v.

**Jose C. APONTE–DALMAU, et al., Defendants.**

**Civil No. 16–1302 (ADC)**

United States District Court, D. Puerto Rico.

Signed 03/22/2017

Ramon E. Castro, Carolina, PR, pro se.

Clarisa Sola–Gomez, Luis E. Pabon–Roca, Faccio & Pabon Roca, Michael C. McCall, Law Office of Michael C. McCall, Carlos A. Gonzalez–Soler, Edgar Hernandez–Sanchez, Cancio, Nadal, Rivera & Diaz, Karla D. Santiago–Rodriguez, San Juan, PR, for Defendants.

## OPINION & ORDER

AIDA M. DELGADO–COLÓN, Chief United States District Judge

On February 22, 2016, Ramón E. Castro ("Castro") filed this action under 42 U.S.C. § 1983 against José C. Aponte–Dalmau, Iván Ayuso–Exposito, Mizraim Esquilín, Bryan González–Méndez, and Wilneris Torres–Llanos (collectively, "defendants").[1] ECF No. 1. The complaint also includes several claims under Puerto Rico law. See id.

The defendants request that the Court dismiss the complaint under the doctrine of res judicata, among other reasons. See,

e.g., ECF Nos. 5, 25. Castro opposes the motions to dismiss. The Court GRANTS defendants' motions to dismiss, ECF No. 5 and ECF No. 25, and hereby DISMISSES the complaint, ECF No. 1, WITH PREJUDICE.

## I. Background

The complaint candidly admits that it is an attempt to take a third bite of the apple in a long-standing feud between the parties. In fact, the complaint states the following: "We again restate and re-allege all our relevant pleadings in prior cases 09–1008 (ADC); 13–1573 (JAG–CVR); and associated Appeals." ECF No. 1 at ¶4.0.1.

In the first case, the parties filed a Joint Motion for a Voluntary Dismissal with Prejudice. Civil No. 09–1008 (ADC), ECF No. 69. On August 14, 2009, the Court dismissed the complaint with prejudice and entered judgment. Id. at ECF No. 72.

The second case was dismissed with prejudice on December 4, 2013. Civil No. 13–1573 (JAG), ECF No. 52. There, the Court adopted a Report and Recommendation from Magistrate Judge Camille L. Vélez–Rivé, who recommended that the Court dismiss the complaint on res judicata grounds. Id., ECF Nos. 45, 50. On July 7, 2014, Castro moved the Court to set aside its judgment. Id. at ECF No. 67. After the Court denied Castro's request, id. at ECF No. 68, he appealed both the judgment and the denial of his motion to set aside the judgment. The Court of Appeals for the First Circuit denied the appeal from judgment as untimely, ECF No. 71, and affirmed the denial of the motion of relief from judgment, id., ECF No. 75.

---

1. Plaintiff also lists as defendants the Conjugal Partnership Dalmau–Doe; the Conjugal Partnership Ayuso–Doe, the Conjugal Partnership Esquilín–Doe, the Conjugal Partnership González–Doe, the Conjugal Partnership Doe–Torres, and other unnamed defendants.

## II. Standard of Law

██ The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Pérez v. Volvo Car Corp.*, 247 F.3d 303, 311 (1st Cir. 2001) (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). "The doctrine of res judicata promotes the goals of fairness and efficiency by preventing vexatious or repetitive litigation." *Caballero–Rivera v. Chase Manhattan Bank, N.A.*, 276 F.3d 85, 86 (1st Cir. 2002). It also relieves the parties of the costs associated with multiple lawsuits and conserves judicial resources. *Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 174, 181 (1st Cir. 1999).

██ Res judicata—or claim preclusion—is an affirmative defense that "can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." *Rodi v. S. New Eng. Sch. Of Law*, 389 F.3d 5, 12 (1st Cir. 2004). Therefore, when a "motion to dismiss is premised on a defense of res judicata . . . the court may take into account the record in the original action." *Andrew Robinson Intern., Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008).

██ "To trigger claim preclusion, there must be '(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits.'" *Coors Brewing Co. v. Men-dez–Torres*, 562 F.3d 3, 8 (1st Cir. 2009) (quoting *Volvo*, 247 F.3d at 311).

## III. Discussion

██ "[A] voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies res judicata criterion." *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998). Here, there are not one, but two judgments dismissing, with prejudice, Castro's previous complaints. These are clearly final judgments that satisfy the first element of a res judicata defense.

Because the complaint is largely identical to the two previous complaints that Castro had filed—in fact, this complaint incorporates and re-alleges them, **ECF No. 1** at ¶4.0.1—there is also sufficient identicality between the causes of action. Thus, the complaint satisfies the second element of the res judicata defense. Finally, the parties in the complaint have been the same in all three complaints.[2] Thus, the third and final element of a res judicata defense is also satisfied. Accordingly, Castro's complaint is barred—yet again—by the doctrine of res judicata.

██ The Court is mindful that a "document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)) (citing Fed. R. Civ. P 8(f) ("All pleadings shall be so construed as to do substantial justice")). However, this is precisely the kind of "vexatious or repetitive litigation[,]" that the doctrine of res judicata proscribes, as it wastes the

---

2. Although some parties are not present in this complaint, the main actors are the same in all three complaints.

Court's resources and imposes unnecessary costs on defendants. *Caballero–Rivera*, 276 F.3d at 86.

## IV. Conclusion

In light of the above, defendants' motions to dismiss the complaint, **ECF Nos. 5, 25** are **GRANTED.** The case is hereby **DISMISSED WITH PREJUDICE.**

Furthermore, **ECF Nos. 9, 24, 26, 30, 33** are **GRANTED.** The notice of appearance at **ECF No. 11** is **NOTED.** Finally, **ECF Nos. 16, 17, 22, 23, 27, 28, 29, 35, 36, 38, 40, 41** are **MOOT.**

**SO ORDERED.**