NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0197-16T3

ERGOWERX INTERNATIONAL LLC,
d/b/a SMARTFISH TECHNOLOGIES, LLC,

 Plaintiff-Respondent,

v.

MAXELL CORPORATION OF AMERICA,
and HITACHI AMERICA, LTD.,

 Defendants-Appellants.

 Argued April 26, 2017 – Decided July 26, 2017

 Before Judges Alvarez and Accurso.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County, Docket
 No. L-8914-15.

 Hilary Preston (Vinson & Elkins LLP) of the
 New York bar, admitted pro hac vice, argued
 the cause for appellants (Scarinci &
 Hollenbeck, LLC, Ms. Preston, and Isabel
 Sukholitsky (Vinson & Elkins LLP) of the New
 York bar, admitted pro hac vice, attorneys;
 Robert E. Levy and Ms. Preston, of counsel and
 on the brief; Charles H. Friedrich, Roshan D.
 Shah, and Ms. Sukholitsky, on the brief).
 Hillel I. Parness argued the cause for
 respondent (Parness Law Firm, PLLC and Jay
 Nelkin (Nelkin & Nelkin, P.C.) of the Texas
 bar, admitted pro hac vice, attorneys; Mr.
 Parness and Mr. Nelkin, on the brief).

PER CURIAM

 On leave granted, defendants Maxell Corporation of America

and Hitachi America, Ltd., appeal the April 11, 2016 Law Division

denial of their Rule 4:6-2 application to dismiss all counts of

plaintiff Ergowerx International, LLC, doing business as Smartfish

Technologies', complaint for failure to state a claim upon which

relief can be granted. For the reasons that follow, we reverse.

The matter is remanded so the case can proceed on Smartfish's

remaining cause of action for breach of contract.

 Smartfish manufactures ergonomically designed computer

keyboards and mice. Maxell is a retailer of computer-related

products. Hitachi, Ltd. is the controlling American branch of

Hitachi Maxell and Maxell Corporation of America.

 In its complaint, Smartfish alleged that through fraudulent

promises and misrepresentations, Maxell induced it to enter a

contract on December 22, 2009. The contract called for Maxell to

purchase and distribute Smartfish's products throughout Maxell's

already established distribution channels. Smartfish, dissatisfied

with Maxell's performance under the contract, filed suit initially

in the United States District Court for the Southern District of

 2 A-0197-16T3
New York. The thirteen-count complaint included claims under both

State and Federal law: breach of contract; promissory estoppel;

intentional interference with prospective economic advantage;

fraud in the inducement; fraud; conversion; patent infringement;

trademark infringement; violations of the Lanham Act, 15 U.S.C.A.

§ 1125(a); violations of The General Business Law of the State of

New York, Gen. Bus. § 360; breach of the implied covenant of good

faith and fair dealing; unjust enrichment; and equitable

accounting.

 On April 23, 2014, the district court dismissed twelve of

Smartfish's thirteen claims with prejudice on Maxell's motion.

Ergowerx Int'l, LLC. v. Maxell Corp. of Am., (Ergowerx I) 18 F.

Supp. 3d 430, 452 (S.D.N.Y. 2014). The breach of contract claim

survived in part, although the court ruled that Maxell's liability,

if any, did not extend beyond its commitment to purchase Smartfish

products for an initial eighteen-month period. In a detailed

decision, the court dismissed the remaining counts of the first

amended complaint.

 Four counts were dismissed mainly because the causes of action

were precluded under New Jersey's economic loss doctrine. Pursuant

to State Capital & Abstract Co. v. Pappas Bus. Servs., LLC, 646

F. Supp. 2d 668, 676 (D.N.J. 2009)), and other dispositive

precedent, when a party's entitlement to damages arises from a

 3 A-0197-16T3
breach of contract, it is barred from recovering economic losses

in tort as well.

 Accordingly, count two, which asserted a claim of promissory

estoppel, was dismissed as the factual basis for the claim was

indistinguishable from that supporting the breach of contract

claim. Count three, asserting intentional or tortious

interference with prospective economic advantage was also

dismissed as the harm alleged was "fairly encompassed by the breach

of contract claim." Count six, seeking damages for conversion,

and count eleven, asserting breach of the implied covenant of good

faith and fair dealing, were also dismissed because they arose

from the conduct underlying the alleged breach of contract action.

Count twelve, the quasi-contractual claim for unjust enrichment,

could not be pursued because an actual contract existed governing

the relationship between the parties.

 The judge also dismissed counts four and five, asserting

claims of fraud in the inducement and common-law fraud. The court

observed that "[i]n New Jersey, the elements of both claims are

identical." The judge concluded the complaint failed to plead

facts that would lead to "a plausible inference" that at the time

Maxell made its commitments its representatives "did not believe

[their] statements to be true. . . ." As to common-law fraud, a

similar analysis mandated dismissal. That claim "effectively

 4 A-0197-16T3
repackages [c]ount [t]hree's claim that Maxell sold products

outside of its areas of exclusivity, and therefore harmed

Smartfish. This claim is fairly encompassed within [c]ount [o]ne,

for breach of contract."

 Count seven, which sought damages for patent infringement,

was dismissed because Maxell was authorized to sell Smartfish's

products pursuant to the contract. The court similarly dismissed

three trademark-related claims: counts eight, nine, and ten.

Noting that Maxell purchased the products pursuant to agreement

with Smartfish, all of the claims failed by operation of the law.

 As to count thirteen, which sought an equitable accounting,

the court found no fiduciary relationship existed between

Smartfish and Maxell that required such an accounting. A

commercial transaction does not ordinarily give rise to a fiduciary

relationship.

 With regard to the breach of contract claim, the court stated

that "the clear, unambiguous language of the [a]greement

contradicts Smartfish's claim that Maxell was required to purchase

$1.8 million in products every eighteen months, in perpetuity,

until the [a]greement was terminated." Instead, after analyzing

the language of the agreement, the court concluded: "the damages

attributable to the asserted breach of the contract's minimum

purchase obligation are limited to such damages incurred in

 5 A-0197-16T3
connection with the eighteen-month period, beginning December 22,

2009." The United States Court of Appeals affirmed.

 On May 7, 2014, the district court dismissed the remaining

breach of contract claim without prejudice. Ergowerx Int'l, LLC

v. Maxell Corp. of Am., (Ergowerx II) 18 F. Supp. 3d 453, 456

(2014). The court declined to exercise supplemental jurisdiction

over the remaining state claim and explicitly preserved

"Smartfish's right to bring such a claim in state court."

 The Law Division judge who declined to dismiss the Smartfish

claims held that the district court decision, and the doctrine of

res judicata, did not bar Smartfish from proceeding in state court.

In state court, Smartfish added a cause of action under the New

Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20. Additionally,

Hitachi was added as a corporate defendant.

 On appeal, Maxell raises the following points of error for

our consideration:

 POINT ONE

 THE TRIAL COURT ERRED IN REFUSING TO GIVE
 PRECLUSIVE EFFECT TO THE JUDGMENT ENTERED IN
 THE FEDERAL COURT ACTION.

 A. Smartfish Cannot Evade the
 Preclusive Effect Of The Federal Court
 Judgment.

 B. Smartfish Is Additionally Precluded
 From Asserting Any And All Claims That
 Could Have Been Brought.

 6 A-0197-16T3
 C. Smartfish Cannot Now Attack The
 District Court's Jurisdiction.

 D. The Trial Court's Unfounded Decision
 Must Be Vacated.

 1. The Trial Court Erroneously
 Reviewed Jurisdiction In Direct
 Contravention to Waiver and Review
 Principles

 2. The Trial Court Erroneously
 Addressed Questions Not At Issue

 I.

 We apply a plenary standard of review when reviewing a trial

court's decision on a motion to dismiss pursuant to Rule 4:6-2.

Razem Family Associates, LP v. Borough of Millstone, 423 N.J.

Super. 103, 114 (App. Div.) certif. denied, 208 N.J. 366 (2011).

This court "owe[s] no deference to the trial court's conclusions."

Ibid.

 In determining whether a motion to dismiss for failure to

state a claim should be granted, the complaint must "be searched

in depth and with liberality to determine if there is any 'cause

of action suggested by the facts.'" State v. Cherry Hill

Mitsubishi, 439 N.J. Super. 462, 467 (App. Div. 2015) (quoting

Printing-Mart Morristown v. Sharp Elecs. Corp., 116 N.J. 738, 746

(1989)). This "inquiry is limited to 'examining the legal

 7 A-0197-16T3
sufficiency of the facts alleged on the face of the complaint.'"

Ibid.

 II.

 Maxell first contends that res judicata precludes Smartfish

from making the same claims it brought before the federal court.

Res judicata is grounds for dismissal under Rule 4:6-2. See

Velasquez v. Frank, 123 N.J. 498, 515 (1991).

 The preclusive "effect of a judgment is determined by the law

of the jurisdiction that rendered it." Bondi v. Citigroup, Inc.,

423 N.J. Super. 377, 423 (App. Div. 2011) (quoting Watkins v.

Resorts Int'l Hotel & Casino, 124 N.J. 398, 411 (1991)).

Therefore, "[f]ederal law determines the effects under the rules

of res judicata of a judgment of a federal court." Watkins, supra,

124 N.J. at 411 (quoting Restatement (Second) of Judgments § 87

(1982)).

 The federal law of claim preclusion requires that:

 (1) the judgment in the prior action must be
 valid, final, and on the merits; (2) the
 parties in the later action must be identical
 to or in privity with those in the prior
 action; and (3) the claim in the later action
 must grow out of the same transaction or
 occurrence as the claim in the earlier one."

 [Id. at 412 (citing Fed. Dep't Stores v.
 Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424,
 2428, 69 L. Ed. 2d 103, 108 (1981))]

 8 A-0197-16T3
It is undisputed that the claims here, and those in the federal

action, derive from the same transaction or occurrence, and that

the same parties, or parties in privity, were present in the

federal action. Therefore, the dispositive inquiry is whether the

federal court's dismissal of the claims was valid, final, and on

the merits.

 A dismissal "with prejudice constitutes an adjudication on

the merits 'as fully and completely as if the order had been

entered after trial.'" Velasquez, supra, 123 N.J. at 507 (quoting

Gambocz v. Yelencsics, 468 F. 2d 837, 840 (3d Cir. 1972)). The

United States Supreme Court has long held specifically that a

"dismissal for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6) is a 'judgment on the merits.'" Moitie,

supra, 452 U.S. at 399 n. 3, 101 S. Ct. at 2428, 69 L. Ed. 2d at

110 (citing Angel v. Bullington, 330 U.S. 183, 190, 67 S. Ct. 657,

661 91 L. Ed. 832, 837 (1947)).

 However, "[i]t is well established that a dismissal without

prejudice has no res judicata effect on a subsequent claim."

Camarano v. Irvin, 98 F. 3d 44, 47 (2d Cir. 1996). Federal Rule

of Civil Procedure 41(b) expressly exempts dismissals for lack of

jurisdiction from operating as an adjudication on the merits. See

also Velasquez, supra, 123 N.J. at 509 (upholding a dismissal on

 9 A-0197-16T3
res judicata grounds because the earlier action was "not a

dismissal for lack of jurisdiction").

 Contrary to Smartfish's position, the district court's

dismissal was a decision on the merits. The court rendered a

substantive decision on each count, dismissing with prejudice, and

made findings with regard to the only count, count one, which

survived the motion. These findings are dispositive.

 The test for "determining the sameness of two causes of

action" considers:

 (1) whether the acts complained of and the
 demand for relief are the same (that is,
 whether the wrong for which redress is sought
 is the same in both actions). . . ; (2) whether
 the theory of recovery is the same; (3)
 whether the witnesses and documents necessary
 at trial are the same (that is, whether the
 same evidence necessary to maintain the second
 action would have been sufficient to support
 the first). . . ; and (4) whether the material
 facts alleged are the same.

 [Bondi, supra, 423 N.J. Super. at 427 (quoting
 United States v. Athlone Indus., Inc., 746 F.
 2d 977, 984 (3d Cir. 1984)).]

 The claims Smartfish now raises in state court are identical

to those disposed of in federal court, with the exception that it

added Hitachi as a party defendant and added consumer fraud claims.

Since the fraud claims were dismissed with prejudice in federal

court, pursuant to Federal Rule of Civil Procedure 12(b)(6), res

 10 A-0197-16T3
judicata precludes Smartfish from reasserting them in a different

guise in state court. See Velasquez, supra, 123 N.J. at 507.

 Smartfish's promissory estoppel claim, count four of the

state court complaint, differs from count two of the federal

complaint only in that it alleges "Maxell and Hitachi" acted

together. But this claim has been disposed of in the federal

court on the merits, not on jurisdictional grounds. Since Maxell

is a subsidiary of Hitachi, the entities are in privity, and the

addition of Hitachi to the complaint does not alter the landscape

for res judicata purposes. Watkins, supra, 124 N.J. at 412.

Therefore, this count of the complaint should have been dismissed.

 Count five of the state court complaint alleges intentional

interference with economic advantage. That cause of action was

also dismissed in federal court, and therefore should have been

dismissed by the Law Division judge as barred by res judicata.

 Count ten of the state court complaint, which alleges unjust

enrichment, differs from the federal claim only in that the

allegations target both Hitachi and Maxell, who stand in privity.

This too was a quasi-contractual claim barred because an actual

contract exists governing the relationship between the parties.

Res judicata applies to this count as well.

 The fraud claims in the state court complaint, counts three,

six, and seven, allege in virtually identical language, the same

 11 A-0197-16T3
conduct as asserted in the federal complaint. The elements of

these causes of action were also dismissed because Smartfish failed

to plead them with sufficient specificity in the federal court.

These counts are also precluded. See Caballero-Rivera v. Chase

Manhattan Bank, 276 F.3d, 85, 86-87 (1st. Cir. 2002) (holding that

a dismissal for failure to plead with sufficient specificity under

the Federal Rules of Civil Procedure has preclusive effect);

Velasquez, supra, 123 N.J. at 507.

 Although the conversion count in the New Jersey complaint is

slightly more detailed, both the state and the federal causes of

action allege the same basic conduct. The conversion claim was

dismissed in the federal court because the cause of action failed

to specify the artwork that defendant allegedly converted. Thus,

this count is also precluded by res judicata.

 Count nine of the complaint is repeated verbatim from the

federal complaint and alleges breach of the implied covenant of

good faith and fair dealing. Having been substantively dismissed

by the federal court, it too was barred by res judicata.

 Count eleven demanded an equitable accounting. No fiduciary

relationship existed between the parties, thus this cause of action

was dismissed. Res judicata precludes it in our courts as well.

 12 A-0197-16T3
 III.

 If a federal court in a prior action "would have exercised

pendent jurisdiction over related state claims that were not

asserted, a final judgment on the merits by the federal court

precludes raising those claims in a subsequent action in a state

court." Watkins, supra, 124 N.J. at 413. However, a judgment on

a claim will only have preclusive effect on a subsequent claim

where "the transaction or connected series of transactions at

issue . . . is the same, that is 'where the same evidence is needed

to support both claims, and where the facts essential to the second

were present in the first.'" SEC v. First Jersey Sec., Inc., 101

F. 3d 1450, 1463-64 (2nd Cir. 1996) (quoting NLRB v. United Techs.

Corp., 706 F. 2d 1254, 1260 (2 Cir. 1983)), cert. denied, 522 U.S.

812, 118 S. Ct. 57, 139 L. Ed. 2d 21 (1997).

 Although the district court declined to exercise supplemental

jurisdiction over the breach of contract claim in Ergowerx II, it

did not hesitate to exercise its jurisdiction over either that

cause of action or all other related state law claims brought by

Smartfish and dismissed in Ergowerx I. See Ergowerx I, supra, 18

F. Supp. 3d at 430. Only the court's judgment in Ergowerx II has

no preclusive effect, as the court only dismissed the action for

lack of jurisdiction. See Merry v. Coast Comm. College Dist., 97

Cal. App. 3d 214, 228 (1979).

 13 A-0197-16T3
 The judgment in Ergowerx I, however, does have such effect.

In that decision the court demonstrated its willingness to exercise

jurisdiction over Smartfish's state law claims, and dismissed all

but one of them with prejudice. See Ergowerx I, supra, 18 F.

Supp. 3d at 430. Thus, it is apparent that the court "would have

exercised pendent jurisdiction over related state claims that were

not asserted," and, therefore, its judgment precludes Smartfish

from bringing different state law claims arising from the same

transaction here. See Watkins, supra, 124 N.J. at 413. As

detailed below, Smartfish's remaining state law claims all arose

from the same transaction or occurrence as the claims the district

court dismissed in Ergowerx I.

 Smartfish alleges a new cause of action under the New Jersey

Consumer Fraud Act based on the following:

 By forcing Smartfish to incur extra costs to
 purchase Maxell brand batteries not required
 by its Agreement, Maxell and Hitachi engaged
 in acts of, used, and employed unconscionable
 commercial practices, deception, fraud, false
 pretenses, false promises, misrepresentation,
 and the knowing, concealment, suppression, or
 omission of material fact with the intent that
 Smartfish rely upon such concealment,
 suppression or omission, in connection with
 the sale of merchandise and with the
 subsequent performance of Maxell.

These facts simply elaborate on Smartfish's main contention, that

after executing an agreement with Maxell, Maxell and Hitachi "began

 14 A-0197-16T3
to make unreasonable demands on Smartfish and to condition Maxell's

own performance on Smartfish's acquiescence to Hitachi's and

Maxell's unreasonable and extra-contractual demands." The claim

arises from precisely the same transaction, and relies on the same

facts and evidence, as Smartfish's claims that were dismissed in

federal court. Therefore, it is precluded by the federal judgment.

See First Jersey, supra, 101 F. 3d at 1463-64.

 With regard to the alleged tortious interference with a

contract, Smartfish in the state court complaint alleges that

"Hitachi wrongfully interfered with [Smartfish's relationship with

Maxell] through dishonest and/or improper means by exercising

control, influence and persuasion over Maxell to ensure that Maxell

would not pay Smartfish the sums owed to Smartfish by Maxell

pursuant to the agreement." Again, these actions are the same as

those disposed of in the federal proceeding. Even if Hitachi used

its influence over Maxell to cause it to breach the contract, its

conduct is still part of the same circumstances already disposed

of in the federal court and should be dismissed as well. See

First Jersey, supra, 101 F. 3d at 1463-64.

 Smartfish also claims it is entitled to replevin because

"Maxell has wrongly retained Smartfish goods for which it has

failed to make payment." This claim is obviously integrally

related to the breach of contract claim Smartfish can still pursue.

 15 A-0197-16T3
 Accordingly, we reverse the Law Division judge's decision,

with one exception. The breach of contract cause of action can

proceed against Maxell, but only as to one eighteen-month term.

 Reversed and remanded for proceedings in accordance with this

decision.

 16 A-0197-16T3